# EXHIBIT C

Case 1.19-cv-02978-ALC Document 1-3 Filed 04/03/19 Page 2 of 31

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

Index No.:            /2018

------------------------------------------------------------------------X
MARISSA HOECHSTETTER, JANE DOE #8,
JANE DOE #9, JANE DOE #10, JANE DOE #11
JANE DOE #12, JANE DOE #13, JANE DOE #14,
JANE DOE #15, JANE DOE #16, JANE DOE #17,
JANE DOE #18, JANE DOE #19, JANE DOE #21,
JANE DOE #22, JANE DOE #23, and JANE DOE #26,

                                    Plaintiffs,

             - against -

COLUMBIA UNIVERSITY; THE NEW YORK AND
PRESBYTERIAN HOSPITAL; COLUMBIA PRESBYTERIAN
MEDICAL CENTER; COLUMBIA UNIVERSITY MEDICAL
CENTER; COLUMBIA-PRESBYTERIAN MEDICAL
CENTER, EAST SIDE ASSOCIATES; EAST SIDE
ASSOCIATES; ROBERT HADDEN; THE TRUSTEES OF
COLUMBIA UNIVERSITY IN THE CITY OF NEW YORK;
COLUMBIA UNIVERSITY COLLEGE OF PHYSICIANS
AND SURGEONS; PRESBYTERIAN HOSPITAL
PHYSICIAN SERVICES ORGANIZATION, INC.;
COLUMBIA-CORNELL CARE, LLC; COLUMBIA
CORNELL NETWORK PHYSICIANS, INC.;
SLOANE HOSPITAL FOR WOMEN,
COLUMBIA-CORNELL CARE, LLC; COLUMBIA
CORNELL NETWORK PHYSICIANS, INC.;
SLOANE HOSPITAL FOR WOMEN,

                                    Defendants.
------------------------------------------------------------------------X

Attorney Affirmation in
Support of Pseudonym

        Anthony T. DiPietro, Esq., an attorney duly admitted to practice law before the Courts of

the State of New York, and a member of the law firm of Law Office of Anthony T. DiPietro, P.C.,

attorneys for plaintiffs herein, submits this affirmation in Support of Plaintiffs's Order to Show

Cause to proceed with a pseudonym under New York Civil Rights Law § 50-b, as well as any

other protections that this Court deems proper for victims of sexual assaults.

Case 1:19-cv-02978-ALC   Document 1-3   Filed 04/03/19   Page 3 of 31

1.      This action is related to the pending cases before Hon. Lucy Billings bearing Index Number: 152438/2017. Each of the plaintiffs named herein are survivors of serial sexual assaults committed by the defendant ROBERT HADDEN upon the premises of the Institutional Defendants between 1992 and July 2012.

2.      Grand Jury's Indictment 2044-14 in the Criminal prosecution of ROBERT HADDEN references the plaintiffs in the related action as separate crime victims who were sexually assaulted by ROBERT HADDEN. The District Attorney of New York County, Cyrus R. Vance, Jr., has also identified several of the plaintiffs herein anonymously in the criminal prosecution of defendant Robert Hadden as cooperating Molineaux Witnesses.

3.      Defendant Hadden was Arraigned in the Criminal Prosecution on June 17, 2014.

4.      After years of judicial and extra-judicial denials by defendant HADDEN's criminal and civil lawyers, Defendant ROBERT HADDEN voluntarily entered a formal plea of guilty and was sentenced on March 29, 2016 in the criminal case. In a deal brokered by his lawyers, ROBERT HADDEN entered a guilty plead wherein he admitted sexually assaulting two of the six victims upon which the indictment was entered. See "Exhibit A". A copy of the court transcript of February 23, 2016 is also annexed hereto as "Exhibit B". The sentencing that occurred on March 29, 2016 marked the termination of the criminal action. See "Exhibit C".

5.      Accordingly, this Order to Show Cause seeks to allow the within plaintiffs to assert their causes of action under pseudonyms pursuant to New York Civil Rights Law § 50-b.

6.      It is well settled law that the right to proceed under a pseudonym is routinely granted to victims of sexual assaults. See, NY Civ. R. Law § 50-b. The sexual exploitation and abuse suffered by each of the survivors herein is deeply personal and private to them, and they ask this Court to recognize their Rights to proceed under a pseudonym under New York law.

7.      This court has previously provided anonymity to each of the survivors in the related proceedings. Further, an unredacted complaint identifying each of the plaintiffs' actual names has been provided to the Clerk pursuant to Part 216 of the Uniform Rules for the Trial Court for filing actions under a pseudonym.

8.      No relief sought herein under the new action has previously been requested.

WHEREFORE, plaintiffs' applications for an Order pursuant to New York Civil Rights Law § 50-b, permitting this action to proceed with the caption referring to plaintiffs under the pseudonyms "JANE DOE #3, JANE DOE #4, JANE DOE #5 and JANE DOE #6" should be granted, and for any additional or further relief that this Court deems just and proper.

Dated: New York, New York
       December 4, 2018

Law Office of Anthony T. DiPietro, P.C.

By: Anthony T. DiPietro
New York Patient Safety &
Medical Malpractice Attorney
Attorneys for Plaintiffs
233 Broadway, Suite 880
New York, New York 10279
(212) 233-3600

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

Index No.:          /2018

--------------------------------------------------------------------------x
MARISSA HOECHSTETTER, JANE DOE #8,
JANE DOE #9, JANE DOE #10, JANE DOE #11
JANE DOE #12, JANE DOE #13, JANE DOE #14,
JANE DOE #15, JANE DOE #16, JANE DOE #17,
JANE DOE #18, JANE DOE #19, JANE DOE #21,
JANE DOE #22, JANE DOE #23, and JANE DOE #26,

                                        Plaintiffs,

              - against -                              Attorney Verification

COLUMBIA UNIVERSITY; THE NEW YORK AND
PRESBYTERIAN HOSPITAL; COLUMBIA PRESBYTERIAN
MEDICAL CENTER; COLUMBIA UNIVERSITY MEDICAL
CENTER; COLUMBIA-PRESBYTERIAN MEDICAL
CENTER, EAST SIDE ASSOCIATES; EAST SIDE
ASSOCIATES; ROBERT HADDEN; THE TRUSTEES OF
COLUMBIA UNIVERSITY IN THE CITY OF NEW YORK;
COLUMBIA UNIVERSITY COLLEGE OF PHYSICIANS
AND SURGEONS; PRESBYTERIAN HOSPITAL
PHYSICIAN SERVICES ORGANIZATION, INC.;
COLUMBIA-CORNELL CARE, LLC; COLUMBIA
CORNELL NETWORK PHYSICIANS, INC.;
SLOANE HOSPITAL FOR WOMEN,
COLUMBIA-CORNELL CARE, LLC; COLUMBIA
CORNELL NETWORK PHYSICIANS, INC.;
SLOANE HOSPITAL FOR WOMEN,

                                        Defendants.
--------------------------------------------------------------------------x
STATE OF NEW YORK       ) ss:
COUNTY OF NEW YORK   )

      Anthony T. DiPietro, an attorney duly admitted to practice law in the Courts of the State
of New York, and attorney for the plaintiffs in the within action, hereby affirms under the penalty
of perjury:

      That he has read the within complaint and knows the contents thereof, and that the same
is true to his own knowledge, except as to the matters therein stated to be upon information and

belief, and that as to those matters he believes it to be true. That the sources of his information and knowledge are investigations and records in the file.

That the reasons this verification is made by affirmant and not by the plaintiffs is in order to protect the identity of the plaintiff under New York Civil Rights Law § 50-b.

Dated: New York, New York
        December 4, 2018

_____
Anthony T .DiPietro, Esq.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK          Index No.:          /2018
================================================
MARISSA HOECHSTETTER, JANE DOE #8,
JANE DOE #9, JANE DOE #10, JANE DOE #11
JANE DOE #12, JANE DOE #13, JANE DOE #14,
JANE DOE #15, JANE DOE #16, JANE DOE #17,
JANE DOE #18, JANE DOE #19, JANE DOE #21,
JANE DOE #22, JANE DOE #23, and JANE DOE #26,

                                        Plaintiffs,

                  - against -

COLUMBIA UNIVERSITY; THE NEW YORK AND
PRESBYTERIAN HOSPITAL; COLUMBIA PRESBYTERIAN
MEDICAL CENTER; COLUMBIA UNIVERSITY MEDICAL
CENTER; COLUMBIA-PRESBYTERIAN MEDICAL
CENTER, EAST SIDE ASSOCIATES; EAST SIDE
ASSOCIATES; ROBERT HADDEN; THE TRUSTEES OF
COLUMBIA UNIVERSITY IN THE CITY OF NEW YORK;
COLUMBIA UNIVERSITY COLLEGE OF PHYSICIANS
AND SURGEONS; PRESBYTERIAN HOSPITAL
PHYSICIAN SERVICES ORGANIZATION, INC.;
COLUMBIA-CORNELL CARE, LLC; COLUMBIA
CORNELL NETWORK PHYSICIANS, INC.;
SLOANE HOSPITAL FOR WOMEN,
COLUMBIA-CORNELL CARE, LLC; COLUMBIA
CORNELL NETWORK PHYSICIANS, INC.;
SLOANE HOSPITAL FOR WOMEN,

                                        Defendants.
================================================
                  ORDER TO SHOW CAUSE
================================================
## LAW OFFICE OF ANTHONY T. DIPIETRO, P.C.
Attorney for Plaintiffs
Office and Post Office Address and Telephone Number:
The Woolworth Building
233 Broadway - Suite 880
New York, New York  10279
(212) 233-3600
================================================
To: ALL PARTIES
================================================

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: PART 41

| | |
|---|---|
| THE PEOPLE OF THE STATE OF NEW YORK | PLEA AGREEMENT |
| -against- | Indictment No. 2044/2014 |
| ROBERT HADDEN, | |
| Defendant. | |

By this agreement, the parties in the above-captioned case agree to the following:

1. Defendant will plead guilty to Criminal Sexual Act in the Third Degree, P.L. §130.40(1) under Count 2 and Forcible Touching, P.L. §130.52 under Count 6 in full satisfaction of the above-captioned indictment.

2. Defendant will be sentenced to a conditional discharge and will be subject to the following conditions: At the time of the plea, defendant will execute a written surrender of his New York State license to practice medicine which will be forwarded to the Office of Professional Medical Conduct. Defendant agrees that he will not seek licensure in any other jurisdiction as a condition of this plea.

3. Defendant waives his right to any decision on any and all pending motions filed under this indictment, including *Molineaux* and severance motions.

4. Defendant will execute a written waiver of his right to appeal.

5. The People agree that defendant will not be prosecuted for any similar crimes which are known to the District Attorney's Office as of on or before February 22, 2016.

Robert Hadden
Defendant

Isabelle Kirshner
Counsel for Defendant

Laura Millendorf
Assistant District Attorney

**PROCEEDINGS**

1   SUPREME COURT OF THE STATE OF NEW YORK

2   COUNTY OF NEW YORK                PART 41
    -----------------------------------------
3   THE PEOPLE OF THE CITY OF NEW YORK        Indict. No.
                                              2044/2014
4

5                   -VS-

6

7   ROBERT HADDEN, DEFENDANT                  PLEA
    -----------------------------------------
8                        February 23, 2016
                         100 Centre Street
9                        New York County

10  B E F O R E :

11            HONORABLE RONALD ZWEIBEL
              JUSTICE OF THE SUPREME COURT
12

13  A P P E A R A N C E S :

14       FOR THE PEOPLE

15                   Cyrus R. Vance, Jr.
                     District Attorney
16                   One Hogan Place
                     New York, New York
17                   By: LAURA MILLENDORF
                         JENNIFER GAFFNEY
18                       AMANDA GOUN
                     Assistant District Attorney
19

20       FOR THE DEFENDANT

21                   Clayman & Rosenberg
                     305 Madison Ave.
22                   New York, N.Y.
                     By:  ISABELLE KIRSHNER
23

24                   AMALIA HUDSON
                     OFFICIAL COURT REPORTER
25

## PROCEEDINGS

1        THE CLERK: Calendar three, Robert Hadden

2  indictment number 2004/2014 appearance, please.

3        MS. KIRSHNER: For Dr. Hadden, Isabelle Kirshner,

4  Clayman & Rosenberg.

5        MS. MILLENDORF: And for The People, Good morning,

6  Your Honor, Laura Millendorf, Jennifer Gaffney,

7  G-A-F-F-N-E-Y, and Amanda Goun, G-O-U-N Good morning.

8        THE COURT: Good morning.

9        MS. KIRSHNER: May we approach, Your Honor?

10       THE COURT: Sure.

11  (Discussion held off the record at the bench)

12       MS. MILLENDORF: Your Honor, thank you, and as

13  previously discussed at the bench, the People and defense

14  counsel have reached a disposition in this matter.

15       The defendant is going to be pleading guilty to criminal

16  sexual act in the third degree under Penal Law Section 130.40

17  Sub. (1) under count three and forcible touching under Penal

18  Law Section 130.52 under count six of the indictment in full

19  satisfaction of the above captioned indictment. The

20  defendant will be sentenced to a conditional discharge and

21  will be subject to the following conditions:

22       At the time of the plea the defendant will execute a

23  written surrenderer of his New York State Medical license,

24  his license to practice medicine, which will be forwarded to

25  the Office of Profession Medical Conduct. The defendant

## PROCEEDINGS

1   agrees that he will not seek licensure in other jurisdiction

2   as a condition of this plea.

3       The defendant further waives his right to any decision

4   on any and all pending motions filed under this indictment

5   including Molineux and severances motions.  The defendant

6   will further execute a written waiver of his right to appeal.

7       The People further agree that the defendant will not be

8   prosecuted for any similar crimes which are known to the

9   District Attorney's office as of on or before February 22,

10  2016.  Your Honor --

11          THE COURT:  What was that last thing?

12          MS. MILLENDORF:  That the People are agreeing that

13  the defendant, after this plea, will not be prosecuted for

14  any similar crimes currently known to the District Attorney's

15  Office as of on or before February 22, 2016.

16      Prior to going on the record today.  The defendant and

17  The People have signed three copies each, which we are filing

18  and serving at this time, of a written waiver of a right to,

19  appeal, a written plea agreement, and the previously agreed

20  upon -- the defendant did also sign a copy of the written

21  order from the Office of Professional Medical Conduct

22  discussing the surrenderer of his medical licensure in New

23  York and his agreement not to seek such licensure in another

24  State.

25      So we're not providing the Court with a copy of the

**PROCEEDINGS**

1    O.P.M.C. agreement, but we will be providing the Court with a

2    the copy of the plea agreement in writing and a written

3    waiver of the right to appeal, and defense counsel also has

4    copies of these.  I am handing those up now.

5                    (Handing)

6        Your Honor, just again memorializing further, up at the

7    bench conference, we expect today to be adjourning for the

8    opportunity for the probation record to be filed and also for

9    any victims in the case to consider the possibility of making

10   victim impact statements in accordance with the requirement

11   in the C.P.L.  If any victims choose to do that, we'll notify

12   defense counsel, and then on the adjournment date.  We'll

13   also be dealing with the SORA registration issue and the sex

14   offender adjudication.

15       THE COURT:  You said you're thinking about

16   requesting a probation report even though we discussed this.

17       MS. MILLENDORF:  It is the People's position that

18   the safest thing to do is to get one, and the C.P.L does

19   require it. I know --

20       THE COURT:  We certainly -- I'm certain we can get

21   one by April 5th.

22       MS. MILLENDORF:  Yes.  So we would request one.

23       THE COURT:  Did we say April 5th?

24       MS. MILLENDORF:  Yes, Your Honor.

25       MS. KIRSHNER:  Yes.  Your Honor, just to further to

## PROCEEDINGS

1  add to the record, as you are aware we had an earlier

2  conversation in which the Court agreed that you would be

3  prepared to downwardly depart from the SORA calculations to

4  find Dr. Hadden a Level 1 Offender.  He is relying on that

5  condition as a condition of pleading guilty today.

6      In addition, I know Ms. Millendorf is indicating that

7  the agreement indicates that he's not going to be further

8  prosecuted for crimes known to the District Attorney's Office

9  as of I believe today not yesterday.  That is as of today

10 which is the 23rd.

11     Just I would like to incorporate by reference, although

12 I am not going to provide to Court, I receive an email from

13 Ms. Gaffney dated February 11, 2016 which goes to greater

14 detail as to the crimes that will be covered by the plea.

15     With that in mind, at this time I have been authorized

16 by my client to withdraw his previously entered not guilty

17 plea and allow him to enter pleas to counts three and six of

18 indictment 2044/2014 in full satisfaction of the charges

19 contained therein.

20         THE COURT:  Dr. Hadden, you've heard what your

21 lawyer, Ms. Kirshner, just stated?

22         MR. HADDEN:  Yes, sir.

23         THE COURT:  Is it your wish at this time to

24 withdraw your heretofore entered pleas of not guilty to this

25 indictment, and are you now offering to pled guilty to count

## PROCEEDINGS

1    three of the indictment, criminal sexual act in the third

2    degree and the sixth count of forcible touching in violation

3    -- in violation of Penal Law 130.52 of the criminal --

4              MR. HADDEN:  Yes, I plead guilty.  Yes.  That's

5    fine.

6              THE COURT:  The charge of criminal sexual act in

7    the third degree is a violation of Section 130.40 Sub. (1).

8    Dr. Hadden, how old are you?

9              MR. HADDEN:  Fifty-seven.

10             THE COURT:  Are you using drugs or medication?

11             MR. HADDEN:  My medication prescribed by --

12             THE COURT:  Does the medication affect your ability

13   to understand you are taking this plea today?

14             MR. HADDEN:  No.

15             THE COURT:   Have you discussed this case with your

16   attorney.

17             MR. HADDEN:  Yes, I have.

18             THE COURT:  And have you had sufficient time to

19   thoroughly discuss your decision to pled guilty?

20             MR. HADDEN:  Yes, I have?

21   Q    And are you pleading guilty because you are guilty of

22   the charges?

23             MR. HADDEN:  Yes.

24             THE COURT:  You understand that by pleading guilty

25   you are waiving your constitutional rights which include your

**PROCEEDINGS**

1  right to trial by jury, your right to confront witnesses

2  against you, your right to remain silent, and your right to

3  put the State to it's burden of proving your guilt beyond a

4  reasonable doubt?

5       MR. HADDEN:  Yes, Your Honor.

6       THE COURT:  You also understand that if your plea

7  of guilty is accepted by this Court, it will be exactly the

8  same as if you had been found guilty after trial of the two

9  counts of criminal sexual act in the third degree and

10  forcible touching, both felonies.

11       MR. HADDEN:  Yes, sir.

12       THE COURT:  You understand the charges you are

13  pleading guilty to, is that correct?

14       MR. HADDEN:  Yes.

15       THE COURT:  Has anyone included the Court, the

16  Assistant District Attorney, your lawyer, or anyone else

17  forced you or threatened you to enter these pleas of guilty?

18       MR. HADDEN:  No, Your Honor.

19       THE COURT:  The third count of the indictment which

20  charges you with criminal sexual act in the third degree in

21  violation of Penal Law Section 130.40 Sub. (1) alleges as

22  follows:

23       The defendant in the County of New York on or about

24  June 29, 2012 engaged in oral sexual conduct with a second

25  individual known to the grand jury who was incapable of

## PROCEEDINGS

1    consent by reason of some factor other than being less than

2    17 years old.

3         Specifically on June 29, 2012, the defendant was a

4    health care provider and during a treatment session,

5    consultation, interview, or examination, he engaged in an act

6    of oral sexual conduct against a patient for no valid medical

7    purpose.   Do you admit to that charge?

8         MR. HADDEN:  Yes.

9         THE COURT:  The sixth count charges you with

10   forcible touching in violation of Penal Law Section 130.52

11   which alleges as follows:

12        The defendant in the County of New York on about May 7,

13   2012 intentionally and for no legitimate purpose forcibly

14   touched the sexual and other inmate parts of a fifth

15   individual known to the grand jury for the purpose of

16   degrading and abusing such person and for the purpose of

17   gratifying the defendant's sexual desire.   Do you admit to

18   that charge?

19        MR. HADDEN:  Yes, Your Honor.

20        THE COURT:  And I'm agreeing to sentence you in

21   accordance with the plea agreement that was entered into

22   between your lawyer and the District Attorney's Office

23   whereby you will receive a three-year conditional discharge

24   with the condition you don't get into, or if you don't commit

25   any crimes within that period of time, you will not be

## PROCEEDINGS

1    sentenced to jail.

2         You are going to be found a Level 1 SORA offender after

3    a conference that I had with your lawyer and the District

4    Attorney's Office, and the reason why I reduced this to a

5    Level 1 rather than a Level 2 was because these alleged

6    crimes were committed in your professional capacity for which

7    you will be surrendering your license and will not be

8    permitted to practice medicine in the future.

9         You also are being required to waive your right to

10   appeal.  I don't remember whether it -- was it executed

11   already, the waivers of appeal?

12        MS. MILLENDORF:  It was, Your Honor.  If the Court

13   could review that with the defendant.

14        THE COURT:  I just want to advise you, Dr. Hadden

15   that by waiving your right to appeal, you are waiving your

16   right to request the Appellate Division to review and to

17   reconsider the terms of this plea as well as this sentence.

18   You do, however, reserve certain limited constitutional

19   right.  Do you understand that?

20        MR. HADDEN:  Yes.

21        THE COURT:  As a result of this plea you're going

22   to be required to surrender your medical license, and the

23   facts of this plea will be sent to the Office of Professional

24   Conduct, and you will also not be permitted to apply for a

25   medical license in any other state, any other state or

**PROCEEDINGS**

1    jurisdiction of the United States.

2              MS. MILLENDORF:  Any other jurisdiction.

3              THE COURT:  You also will not be prosecuted for any

4    similar crimes prior to the date of February 22, 2016.

5              MS. KIRSHNER:  February 23.

6              THE COURT:  February 23rd?

7              MS. KIRSHNER:  Today's date is the 23rd.

8              THE COURT:  Today's date.  Right, prior to

9    February 23, 2016.  I stand corrected.

10        Is there anything else that needed to be covered by this

11   plea?

12             MS. MILLENDORF:  No, Your Honor.  Thank you.

13             MS. KIRSHNER:  No, Your Honor.  So April?

14             THE COURT:  And April 5th for sentence.

15        Oh, my agreement though, to gave the sentence that was

16   just placed on the record, is conditioned on three things.

17   We are going to have a probation report, so Dr. Hadden, you

18   will be required to go to Probation after you take this plea

19   today so they can prepare a presentence report.

20        The second condition is you don't get arrested or

21   charged with a crime between now and the date of sentence,

22   and the third condition is that you show up in court on the

23   day of sentence.

24             MR. HADDEN:  Okay.

25             MS. MILLENDORF:  On April 5th, morning call?

## PROCEEDINGS

1          THE COURT:  April 5th, early morning call.

2          MS. MILLENDORF:  Fine.

3          THE CLERK:  Robert Hadden, do you now consent to

4     withdraw your previously entered plea of not guilty and plead

5     guilty to one count of criminal sexual act in the third

6     degree and one count of forcible touching to satisfy

7     indictment 2044/2014.  Is that your plea, sir?

8          MR. HADDEN:  Yes.

9          THE CLERK:  Adjourned to April fifth.

10          THE COURT:  Was the plea agreement all signed.

11          MS. MILLENDORF:  Yes, Your Honor.

12     *      *      *      *      *      *      *      *      *

13                    THE ABOVE IS CERTIFIED TO BE A
                      TRUE AND ACCURATE TRANSCRIPT OF
14                    THE TESTIMONY AS TAKEN BY ME.

15

16

17

18                    AMALIA HUDSON
                    OFFICIAL COURT REPORTER

19

20

21

22

23

24

25

```
 1    SUPREME COURT OF THE STATE OF NEW YORK
      COUNTY OF NEW YORK - CRIMINAL TERM - PART 41
 2    - - - - - - - - - - - - - - - - - - -x
      THE PEOPLE OF THE STATE OF NEW YORK    :
 3                                           :
                                             :
 4         -against-                         :   INDICTMENT No.:
                                             :   2044/2014
 5                                           :
      ROBERT HADDEN,                         :   Proceeding
 6                                           :
                          Defendant.         :
 7    - - - - - - - - - - - - - - - - - - -x
```

```
 8                   100 Centre Street
                     New York, New York 10013
 9
                     March 29, 2016
10    B E F O R E:

11        THE HONORABLE RONALD A. ZWEIBEL, J.S.C.

12    A P P E A R A N C E S:

13    FOR THE PEOPLE:

14
      OFFICE OF CYRUS R. VANCE, JR.
15    District Attorney New York County
      One Hogan Place
16    New York, New York 10013

17    BY:  LAURA MILLENDORF, ESQ.
      BY:  AMANDA GOUN, ESQ.
18    BY:  JENNIFER GAFFNEY, ESQ.

19
      FOR THE DEFENDANT:
20
      CLAYMAN & ROSENBERG, LLP
21    Attorney for the Defendant
      305 Madison Avenue
22    New York, New York  10017

23    BY: ISABELLE A. KIRSHNER, ESQ.
              AND
24    BY: WAYNE GOSNELL, ESQ.

25
```

*Ivelisse Rodriguez, Senior Court Reporter*

Proceeding

1        THE CLERK:  Calling calendar number five,

2    Robert Hadden, indictment number 2044/2014.

3        MS. KIRSHNER:  Clayman and Rosenberg by

4    Isabelle Kirshner and Wayne Gosnell.

5        MS. MILLENDORF:  Laura Millendorf.  Amanda Goun

6    and Jennifer Gaffney for the People.

7        THE COURT:  Are both sides ready for sentence?

8        MS. MILLENDORF:  Yes.

9        MS. KIRSHNER:  Yes, your Honor.

10        THE CLERK:  Robert Hadden, you are before the

11    Court for sentencing following your conviction by plea to

12    one count of criminal sexual act in the third degree and

13    one count of forcible touching.

14        Prior to sentencing, the Court will give you, your

15    attorney and the assistant district attorney an

16    opportunity to address the Court with matters relevant to

17    sentencing.  People?

18        MS. MILLENDORF:  Your Honor, we did have one

19    victim who wished to address the Court today.  May I call

20    her up now?

21        THE COURT:  Sure.

22        MS. MILLENDORF:  Where would you like her to be?

23        THE COURT:  She could either step at the rail or

24    step up to your bench.

25        THE COURT:  Can I ask counsel to step up?

───────*Ivelisse Rodriguez, Senior Court Reporter*───────

1          (Whereupon, an off-the-record discussion was held

2     at the bench.)

3          MS. KANYOK:  Your Honor, my name is Laura Kanyok.

4          THE COURT:  Try to speak into that microphone.

5          MS. KANYOK:  Hi, your Honor.  My name is

6     Laura Kanyok.  I'm a professional dancer of 20 years.

7     I've always dealt with injuries as an athlete, and I've

8     had numerous physicians in my life because of that, and

9     I've developed an insurmountable trust with most of them.

10          I never thought that doctors were infallible, but

11     I always hoped that I'd chosen the most educated and

12     experienced ones to tend to my needs.  I thought I'd done

13     that when I interviewed Dr. Hadden for my pregnancy care.

14          Having my first and only child was an experience

15     that I've always dreamt of.  The only focus that I had

16     for nine and a half months was the care and well-being

17     and the health of my daughter.  I knew the sex of her

18     very early on.  So going for doctors appointments with

19     Dr. Hadden, the first thing and only thing on my mind

20     that whole entire day was hearing her heartbeat.  Nothing

21     else seemed to be in my vision at that moment.

22          Somewhere during the second half of my pregnancy,

23     I felt something strange during an appointment.  A

24     wetness between my legs that wasn't normal during a

25     vaginal exam.  With a larger than normal belly and things

———————Ivelisse Rodriguez, Senior Court Reporter———————

FILED: NEW YORK COUNTY CLERK 12/04/2018 01:24 PM
NYSCEF DOC. NO. 6
INDEX NO. 161335/2018
RECEIVED NYSCEF: 12/04/2018

Case 1:19-cv-02978-ALC Document 1-3 Filed 04/03/19 Page 24 of 31

Proceeding
4

1    happening to my body that I'd never experienced, I

2    chucked it up that I must be crazy, because how could

3    this happen with such a solid physician with Columbia

4    University.

5         I delivered healthy daughter on May 14, 2012, and

6    on June 29, 2012, I went for my post-partum appointment

7    with Dr. Hadden.  I had no belly.  I had no fetal

8    worries.  My daughter was healthy, and he had done a full

9    vaginal exam with a nurse practitioner in the room.  I

10   had a clear bill of health.

11        We started talking about my birth control from

12   then on in, and it was then, after the nurse left, that

13   he asked to go for a second vaginal exam, and I

14   completely went into a state of shock, because I kind of

15   knew maybe what was about to happen, hoping that that

16   wasn't going to be the case.

17        With my cell phone in hand and naked on the table,

18   I laid back down and put my feet on the stirrups, and

19   felt the same wetness on my vagina that caused me to jump

20   back off the table.

21        The events that happened from that point until

22   11 p.m. that day that led me down to the DA's office,

23   took me away from my infant -- I don't know -- I don't

24   need to explain that at the moment -- what that day did

25   to me.  It wasn't just a botched knee surgery or

1    something that could be fixed with medical care.  It

2    dented my psyche, and it ruined the most sacred moment of

3    my life.

4          After that I had numerous months of therapy just

5    to focus on being happy for my daughter.  Every time I

6    would change her diaper, I would think of that moment,

7    and I still do in washing her.

8          I would walk the streets in fear of seeing a

9    gray-haired man with a beard, not knowing what I would do

10   if I was face-to-face with him again.  And it just -- now

11   I can't even go to a doctor's appointment without feeling

12   like I do right now.

13         I said to my daughter this morning when I took her

14   to school, she said, "Mommy, where are you going,"

15   because I never get dressed like this to take her to

16   school.  I said, "I'm going to talk to somebody in hope

17   that all the girls like you and me are safe forever."

18   She said, "Mommy, what do you mean?"  I'll teach her that

19   as the years go on, and I hope that, and I thank you, and

20   I thank everybody involved with this case that this has

21   happened, and I hope no other woman in any other country

22   of any age ever has to experience this ever again.  Thank

23   you.

24         MS. MILLENDORF:  Your Honor, as part of this plea,

25   the defendant has pleaded guilty to felony sexual assault

*Ivelisse Rodriguez, Senior Court Reporter*

Proceeding

6

1    against a patient during a routine exam, admitting that
2    he licked her vaginal area.
3           He also pleaded guilty to a separate misdemeanor
4    sex crime against a second patient, also during a routine
5    exam, which covered his indictment for sexually abusing
6    six different patients.
7           As part of this plea, the defendant will be a
8    convicted felon, a registered sex offender, and must give
9    up his medical license and agree not to seek a license in
10   any other state outside of New York.
11          Ms. Kanyok has spoken here today for herself, but
12   over the course of this case, other victims have
13   expressed the following about the impact that this
14   defendant's actions have had on them.
15          The defendant's sexual abuse was a traumatic
16   experience for these women, not only because it was a
17   nonconsensual sexual contact, but because the defendant
18   abused his position of trust as their doctor in
19   committing his crimes.
20          In the cases where his victims were pregnant, the
21   defendant abused his position as their obstetrician to
22   abuse them rather than providing medical care during a
23   particularly vulnerable period of time.
24          Pregnancy should be a joyful time, but it can also
25   be a scary time and carry risks.  Rather than providing

1        medical care and assurance during this fragile period,

2        the defendant's actions left his victims feeling

3        humiliated, confused and violated.

4              Through the defendant's acknowledgment of guilt,

5        the People are hopeful that the victims in this case can

6        gain closure, and that the defendant will not be in a

7        position to abuse his power or sexually abuse his

8        patients again.

9              THE COURT:  Ms. Kirshner?

10             MS. KIRSHNER:  Your Honor, as you realize this

11       case has been pending and hard fought for a very long

12       time, and the People who are in the position to know the

13       actual facts and circumstances, all of them, came to a

14       decision in the negotiation, which was detailed, and

15       Dr. Hadden will no longer be practicing medicine, but

16       more importantly, we laid out in very clear detail what

17       the conditions of this plea are.  We rely on those

18       conditions, and we're ready to proceed to sentence.

19             THE COURT:  Does Dr. Hadden wish to make a

20       statement?

21             MS. KIRSHNER:  No.

22             THE COURT:  All right.  In accordance with the

23       plea agreement that was entered into between the District

24       Attorney's office and Ms. Kirshner the defendant's

25       attorney, with regard to the first count, criminal sexual

—————Ivelisse Rodriguez, Senior Court Reporter—————

1      act in the first degree, the defendant will be sentenced

2      to zero days time served.

3            On the misdemeanor of forcible touching, the

4      defendant will receive a one-year conditional discharge,

5      and he no longer will be allowed to practice law.

6            MS. KIRSHNER:  Medicine.

7            THE COURT:  Practice medicine, excuse me.

8      Practice medicine anywhere within the United States.

9            MS. KIRSHNER:  He has already voluntarily

10     surrendered his license.

11           THE COURT:  And he'll be required to now go to the

12     Sex Offender Monitoring Unit within this building to

13     arrange for the transfer to New Jersey where he resides.

14           MS. KIRSHNER:  Yes.

15           MS. MILLENDORF:  Your Honor, we can do that SORA

16     assessment and SORA hearing now, if you'd like.  I think

17     it should be fairly brief.  We've shown the SORA risk

18     assessment instrument to the Court beforehand and defense

19     counsel.  Should I go through that now?

20           THE COURT:  Go ahead.

21           MS. MILLENDORF:  The points assessed are as

22     follows, and as far as the corroboration that goes to

23     each of these sets of points, each of these points are

24     covered in both the indictment and the plea itself, so

25     there's no need to submit additional evidence or

─────Ivelisse Rodriguez, Senior Court Reporter─────

1    documentation at this time.

2         There are 25 points here assessed for category

3    number two, sexual intercourse, deviate sexual

4    intercourse or aggravated sexual abuse.  Thirty points

5    assessed in category number three for the number of

6    victims, which is assessed here as three or more, because

7    this category is assigned as the number of victims

8    covered in the accusatory instrument.

9         And there are 20 points assessed in category

10   number seven, *relationship with victim.*  The category

11   defined as, *stranger or established for purpose of*

12   *victimizing or professional relationship,* and there are

13   15 points here assessed for Category 14, *being released*

14   *without supervision,* and that brings us to a presumptive

15   category of two with a total of 90 points.

16        MS. KIRSHNER:  Your Honor, at this time, as per

17   our agreement, we're going to move for a downward

18   departure from that finding so that the Court can come to

19   a finding of a Level 1, which was zero to 70.

20        As we discussed, that finding is based on the fact

21   in some ways the fact that he's not being placed on

22   probation is working to his detriment, and everyone

23   agrees that a probationary sentence is not necessary in

24   this case.  That whatever occurred occurred in his office

25   and not out among the general public, and that we have

───────*Ivelisse Rodriguez, Senior Court Reporter*────────

1   now two years of -- almost two years of the pendency of

2   this case, almost four years, since the incident that

3   Ms. Kanyok addressed without any incident.  And with

4   those three factors in mind and with no objection from

5   the District Attorney's office, the Court has agreed to a

6   downward departure to a Level 1.

7          THE COURT:  Is that correct there is no objection

8   by the People?

9          MS. MILLENDORF:  We agree this risk assessment

10  instrument does not take those factors into account and

11  defer to the Court's decision.

12         MS. KIRSHNER:  Is that a yes?

13         MS. MILLENDORF:  Yes.

14         THE COURT:  The defendant will be sentenced as a

15  Level 1 sex offender.

16         MS. KIRSHNER:  Your Honor, as part of the

17  agreement, we agree to waive any right to appeal, so I'm

18  not informing my client of that right.  We agree that the

19  imposition of a sentence is appropriate and we will await

20  in the courtroom for the paperwork so he'll go upstairs

21  to do whatever filings.

22         THE COURT:  Do we have the waiver forms for

23  Dr. Hadden to sign?

24         MS. MILLENDORF:  Those were signed at the time of

25  plea.

─────Ivelisse Rodriguez, Senior Court Reporter─────

FILED: NEW YORK COUNTY CLERK 12/04/2018 01:24 PM
INDEX NO. 161335/2018
NYSCEF DOC. NO. 6
Case 1:19-cv-02578-ALC   Document 1-3   Filed 04/03/19   Page 31 of 31
RECEIVED NYSCEF: 12/04/2018

Proceeding
11

1        THE COURT:  They were.  I want to advise

2    Dr. Hadden by waiving your right to appeal, you're

3    waiving your right to request the Appellate Division to

4    review and reconsider the terms of this plea as well as

5    the sentence.  You do, however, reserve certain limited

6    constitutional rights.

7        MS. MILLENDORF:  Thank you, Judge.

8        *   *   *   *   *

9  Certified to be a true and accurate transcript.

10

11               Ivelisse Rodriguez
                  Senior Court Reporter

12

13

14

15

16

17

18

19

20

21

22

23

24

25

—Ivelisse Rodriguez, Senior Court Reporter—