THE LAW OFFICES OF

# NEAL BRICKMAN, P.C.

420 LEXINGTON AVENUE, SUITE 2440
NEW YORK, NEW YORK 10170

NEAL BRICKMAN
JUDITH L. GOLDSBOROUGH
ETHAN Y. LEONARD
VIRGINIA A. REILLY
JASON A. STEWART

TELEPHONE:
(212) 986-6840

TELECOPIER:
(212) 986-7691

April 29, 2019

**Via ECF and courtesy copy via email (ALCarterNYSDChambers@nysd.uscourts.gov)**

Hon. Andrew L. Carter, Jr.
United States District Judge
United States District Court for the Southern District of New York
40 Foley Square
New York, NY 10007

Re: *Hoechstetter et al. v. Columbia University et al;*
1:19-cv-02978-ALC; NYS Supreme Court Index No. 161335/2018
Response to Court's Order Dated April 25, 2019

Dear Judge Carter:

Our office represents the plaintiffs, Marissa Hoechstetter and, at present, no fewer than 20 individual female Jane Does, who were all victims of serial sexual abuse at the hands of the disgraced former gynecologist defendant, Robert Hadden. Pursuant to Your Honor's Order dated April 25, 2019, we graciously welcome the opportunity to address the issues identified by the Court as determinative regarding the remand of the instant matter to New York State Supreme Court.

At the outset, plaintiffs contend that defendants' removal was improper both procedurally and substantively and as such, plaintiffs take the position that the Court does not have jurisdiction to hear this matter.[1] Plaintiffs respectfully submit that the analysis regarding this Court's jurisdiction need go no further and that the matter should be remanded directly without more. Following the removal of a state court action, "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." *28 U.S.C. §*

---

[1] Defendants erroneously attempted to remove this action on April 3, 2019 based on a draft-document that was never "filed" with the Clerk of the State Supreme Court. As demonstrated by "Exhibit A" to the Defense's Notice of Removal, the status of plaintiffs' draft-pleading was designated as "PENDING" by the Supreme Court Clerk at the time of their removal attempt. Ultimately, the draft-document was rejected by the Clerk, returned for correction, and is not part of this action. It is beyond dispute that the draft-document was never "filed" with the Court Clerk and is not part of this action. Further, plaintiffs' corrected "Amended Complaint" -- deemed filed March 27, 2019 -- does not contain any federal claims. It is also indisputable that plaintiffs' Amended Complaint, which is annexed as Plaintiff's Exhibit "1", does not contain any federal claims. From both a procedural and legal standpoint, the filing of plaintiffs' Amended Pleadings (which do not assert any federal claims) pre-dates defendants' erroneous attempt to remove the action. A copy of defendants' "Notice of Filing Notice of Removal" filed on April 3, 2019 is annexed as Plaintiff's Exhibit "2". Accordingly, defendants' attempt to remove must fail, since the defense cannot remove an action with no federal claims and no diversity jurisdiction.

1

Hoechstetter et al. v. Columbia University et al.,
1:19-cv-02978-ALC
April 29, 2019

*1447(c)*. Defendants bear the burden of demonstrating that federal subject matter jurisdiction exists. *United Food & Commercial Workers Union v. CenterMark Props. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994).

However, even if the Court were to continue its analysis beyond that point, the same result is warranted under the analysis as framed by Your Honor's questions. That analysis also provides a framework strongly favoring the remand of the instant matter to New York State Supreme Court, the outcome that the plaintiffs soundly believe is warranted—by whichever route of analysis taken.

Assuming *arguendo* that the defendants' removal afforded this Court original jurisdiction, the basis for such jurisdiction could only arise from a determination that a federal claim which existed within the served, but not accepted for filing, Amended Complaint gave rise to original jurisdiction, a position that is not inherently supported by caselaw, and which the plaintiffs absolutely do not concede. If this Court is inclined to make such a determination, then the analysis turns to the questions as framed by the Court: 1) whether the deletion of federal claims in an amended complaint after the case was removed, deprive the court of jurisdiction; 2) if the Court does have jurisdiction, can plaintiffs voluntarily dismiss their federal claims; and 3) if the federal claims are dismissed, should this Court exercise jurisdiction over the state law claims.

These questions, as posed by Your Honor, are not novel questions raised in the first instance, and the questions are best answered by reference to the decision in the matter *Meers Enters., LLC v. Kocak*, 2018 U.S. Dist. Lexis 67107 (S.D.N.Y. April 20, 2018), a matter in which defendants removed a State Court action containing a federal question only to see the matter remanded following plaintiff's voluntary dismissal of the federal claims. The decision in *Meers Enters., LLC v. Kocak* hold as follows: "a civil action brought in state court may be removed to a federal district court only if it could have originally been commenced in federal court on either the basis of federal question jurisdiction or diversity jurisdiction…If a case is removed and the district court determines that it lacks subject jurisdiction over the matter, it must be remanded."[2] However, "a post-removal amendment [of the complaint] that deletes all federal claims, leaving only pendent state claims, does not divest the district court of its properly triggered subject matter jurisdiction."[3] *Id.* Therefore, the answer to Your Honor's first question is no, the post-removal amendment that deletes federal claims from an action removed from State Court does not inherently deprive the court of jurisdiction, provided subject matter jurisdiction was properly triggered in the first place.

*Meers Enters., LLC v. Kocak* goes on to detail a procedural history where plaintiff is permitted to amend its complaint to withdraw the federal claims before engaging in a discussion as to the Court's discretion to exercise supplemental jurisdiction. Notably, a plaintiff's withdrawal of federal claims following removal is not a unique procedural development and such withdrawal has been allowed on a voluntary basis under Fed. R. Civ. P. 41(a)(2), which allows a court to grant a motion to voluntarily dismiss a complaint or cause of action "upon such terms and conditions as the court deems proper." Furthermore, the caselaw states that "courts generally grant motions to remand where a plaintiff has voluntarily dismissed his federal claims prior to the start of discovery,

---

[2] The analysis in this matter, should arguably, cease at this point given the fact that the Amended Complaint as accepted by the Supreme Court, never contained any federal question and therefore the matter **must** be remanded.

[3] Again, a question exists as to whether original jurisdiction was properly triggered.

even when his manifest purpose in doing so is to defeat federal jurisdiction." *Nix v. Office of Comm'r of Baseball*, 2017 U.S. Dist. LEXIS 104413 (S.D.N.Y. July 6, 2017). Thus, the answer to Your Honor's second question--if the Court does have jurisdiction, can plaintiffs voluntary dismiss the federal claims--is yes.

This in turn, takes us to the third, and most salient question posed by Your Honor, whether the Court should exercise jurisdiction when all federal claims are dismissed, leaving only state-law claims remaining. The caselaw provides that under such a scenario, it is within the Court's discretion as to whether or not to exercise supplemental jurisdiction. While the law is clear that this decision is left within the Court's discretion, it is equally clear that there is a general rule which prefers a resolution in favor of declining to exercise jurisdiction, especially when all federal claims are eliminated in the early stages of litigation. See *Pac. Legwear, Inc. v. Sizemore*, 2016 U.S. Dist. LEXIS 62852 (S.D.N.Y. May 11, 2016).

In applying its discretion, the court must "consider and weigh . . . the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction over . . . pendent state-law claims" and "when all federal claims are eliminated in the early stages of litigation, the balance of factors generally favors declining to exercise [supplemental] jurisdiction over remaining state law claims." *Meers Enters., LLC v. Kocak, supra*. See also *Gundlack v. IBM*, 2012 U.S. Dist. LEXIS 60926 (S.D.N.Y. May 1, 2012) [following dismissal of all claims over which the Court had original jurisdiction, the Court declined to exercise supplemental jurisdiction over the non-federal claims].

The decision in, *Meer Enters., LLC v. Kocak*, is far from an outlier as there is a long line of cases that support the balance of factors approach for declining to exercise supplemental jurisdiction over state-law claims once federal-law claims are eliminated early in the litigation. See *Pac. Legwear, Inc. v. Sizemore, supra* [when a post-removal amendment of the complaint deletes all federal claims leaving only pendent state claims, the balance of factors favors declining to exercise jurisdiction over remaining state law claims.] *Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 119 (2d Cir. 2006) [agreeing with plaintiff's argument "that the district court should not have exercised supplemental jurisdiction over these state-law claims after all claims supporting original jurisdiction had been dismissed at a very early stage in the proceedings"].

While plaintiffs contend that the Court never had original jurisdiction, it is further evident that, should the Court determine that original jurisdiction was conferred at the time of removal, there is no basis to depart from the general rule disfavoring the discretionary exercise of supplemental jurisdiction over the remaining state-law claims. Here the instant matter contains only state-law claims and is one of three currently pending State Court actions arising from the reprehensible conduct of former gynecologist Robert Haddon and his enabling employer defendants. It is anticipated that the instant matter will inevitably be consolidated with the other pending State Court actions further weighing the balance of equities in favor of declining supplemental jurisdiction and allowing the three matters to proceed before the New York State Supreme Court.

Hoechstetter et al. v. Columbia University et al.,
1:19-cv-02978-ALC
April 29, 2019

      In the event that this Court concludes that original jurisdiction had ever been imparted, which plaintiffs vehemently contest, the Court should, in the interest of "the traditional values of judicial economy, convenience, fairness and comity" follow the prevailing caselaw, decline to exercise supplemental jurisdiction over the remaining state-law claims, and remand this matter to the state court. To that end, it is respectfully submitted that defendants' request for a pre-motion conference be denied and that the instant matter be remanded to the New York State Supreme Court, County of New York forthwith.[4]

      Thank you for your consideration of our arguments and your attention to this matter.

Very Truly Yours,

Jason A. Stewart, Esq.

JAS

---

[4] If relying upon April 3, 2019 as the date which Defendants' noticed the improper removal of this matter, then Plaintiffs time to make a motion to remand would expire on May 3, 2019. Please accept this letter as either a motion for remand, or, if necessary, a motion to extend Plaintiffs' time to make that motion for remand.