# Vaslas Lepowsky Hauss & Danke LLP

Attorneys at Law
201 Edward Curry Avenue, Suite 100
Staten Island, New York 10314
_____

Manhattan Office
630 Third Avenue, 5th floor
New York, NY 10017
Tel: (212) 374-9555

Telephone (718) 761-9300
Facsimile (718) 761-9090
www.vlhd-law.com

New Jersey Office
10 Auer Court
E. Brunswick, NJ 08816
Tel: (732) 613-5083

Kenneth M. Dalton
Partner

Admitted in NY and NJ
kdalton@vlhd-law.com

May 1, 2019

***Via ECF and courtesy copy via email (ALCarterNYSDChambers@nysd.uscourts.gov)***
Hon. Andrew L. Carter, Jr.
United States District Judge
United States District Court
40 Foley Square
New York, New York 10007

> **Re:    Hoechstetter et al. v. Columbia University et al.**
> **1:19-cv-02978-ALC**

Honorable Sir:

This office represents the defendant Robert Hadden in the above-referenced matter.  Please accept the following as our response to the questions posed in your Order dated April 25, 2019.  Your Honor had requested a response to three separate questions as follows:

Question #1:  Does plaintiffs' deletion of federal claims in an Amended Complaint in state court, filed after the case was removed, deprive this Court of jurisdiction?

Answer:  No.  The plaintiff filed a pleading designated as an "Amended Complaint" in New York State Supreme Court on March 27, 2019.  That pleading contained federal claims.  As such, the state court action was subject to removal pursuant to 28 U.S.C. §1446(d).  Counsel for the co-defendants filed a removal petition in this Court on April 3, 2019 and complied with the procedural requirements of 28 U.S.C. §1446(d).  At that time, this Court obtained jurisdiction over the matter.

Subsequent to removal, plaintiffs' counsel filed a purported corrected complaint in New York State Supreme Court.  That filing deleted the federal claims, apparently in an effort to deprive this Court of jurisdiction.

Vaslas Lepowsky Hauss & Danke LLP

Hon. Andrew L. Carter, Jr.
Re: Hoechstetter, et al. v. Columbia University, et al.
May 1, 2019
Page 2

However, that subsequent filing in New York State Supreme Court should be deemed a nullity and does not deprive this Court of jurisdiction. Once the action was properly removed, attempted amendments in the state court are of no effect. [*Demarco v. JP Morgan Chase*, 2011 U.S. Dist., LEXIS 51607 (E.D.N.Y. 5/13/2011); *In Touch Concepts Inc. v. Cellco Partnership*, 788 F.3d, 98 (2d Cir. 2015)]

Question #2: If this Court has jurisdiction, can plaintiffs voluntarily dismiss their federal claims?

Answer: No. Once the action has been properly removed to this Court, a purported correction or amendment in State Court is of no consequence.

The purported amendment or "correction" of the state court complaint was attempted after the action was removed to this Court. This is clearly nothing more than a transparent attempt to divest this Court of jurisdiction and compel remand to the state court.

Here, this Court should not permit plaintiffs to amend the pleading and remove federal claims. The deletion of such claims would clearly be nothing more than a demonstration of bad faith and an exercise in forum shopping. Such manipulation should not be condoned by this Court. [*Boelens v. Redman Homes, Inc.*, 759 F.2d 504 (5th Cir. 1985)]

Question #3: If the federal claims are dismissed in this Court, should this Court exercise jurisdiction over the state law claims?

Answer: Yes. Even if this Court permits voluntary withdrawal of the federal claims, the Court may, in its discretion, exercise jurisdiction over the state law claims. It is submitted that the exercise of jurisdiction would serve the salutary aims of judicial economy, convenience and fairness.

Thank you for your kind consideration of the foregoing.

Respectfully yours,

Kenneth M. Dalton

KMD:js

cc: Jason A. Stewart, Esq.
Law Offices of Neal Brickman, P.C.
Attorneys for Plaintiff
jason@brickmanlaw.com

Vaslas Lepowsky Hauss & Danke LLP

Neal Brickman, Esq.
Law Offices of Neil Brickman, P.C.
Attorneys for Plaintiff
neal@brickmanlaw.com

Daniel S. Ratner, Esq.
Heidell, Pittoni, Murphy & Bach, LLP
Attorneys for Co-defendants
dratner@hpmb.com