UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------X

MARISSA HOECHSTETTER, JANE DOE #8,
JANE DOE #9, JANE DOE # 10, JANE DOE #11,
JANE DOE #12, JANE DOE #13, JANE DOE #14,
JANE DOE #15, JANE DOE #16, JANE DOE #17,
JANE DOE #18, JANE DOE #19, JANE DOE #21,
JANE DOE #22, JANE DOE #23, JANE DOE #26,
JANE DOE #27, JANE DOE #28 and JANE DOE #30

Civ. Action No.
19-CV-02978 (ALC)

Plaintiffs,

- against -

COLUMBIA UNIVERSITY; THE NEW YORK AND
PRESBYTERIAN HOSPITAL; COLUMBIA
PRESBYTERIAN MEDICAL CENTER; COLUMBIA
UNIVERSITY MEDICAL CENTER;
COLUMBIA-PRESBYTERIAN MEDICAL CENTER,
EAST SIDE ASSOCIATES; EAST SIDE ASSOCIATES;
ROBERT HADDEN; THE TRUSTEES OF COLUMBIA
UNIVERSITY IN THE CITY OF NEW YORK;
COLUMBIA UNIVERSITY COLLEGE OF PHYSICIANS
AND SURGEONS; PRESBYTERIAN HOSPITAL
PHYSICIAN SERVICES ORGANIZATION, INC.;
COLUMBIA-CORNELL CARE, LLC; COLUMBIA
CORNELL NETWORK PHYSICIANS, INC.;
SLOANE HOSPITAL FOR WOMEN,

Defendants.

------------------------------------------X

## AMENDED REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF PLAINTIFFS' MOTION TO REMAND PURSUANT TO 28 U.S.C. §§ 1446 AND 1447

The Law Offices of Neal Brickman, P.C.
*Attorneys for Plaintiffs*
Neal Brickman, Esq.
Jason A. Stewart, Esq.
420 Lexington Ave., Ste. 2440
New York, New York, 10170
(212) 986-6840

## **TABLE OF CONTENTS**

PRELIMINARY STATEMENT………………………………………………………….. 1
STATEMENT OF RELEVANT FACTS…………………………………………………. 2
ARGUMENT…………………………………………………………………………….. 3

    I.      DEFENDANTS HAVE FAILED TO MEET THEIR BURDEN
           DEMONSTRATING SUBJECT MATTER JURISDICTION …………...... 3

    II.     DEFENDANTS' ATTEMPTPED REMOVAL IS PROCEDURALLY
           DEFECTIVE AS DEFENDANTS ATTACHED A PRIOR ITERATION OF
           THE AMENDED COMPLAINT, FAILED TO ATTACH ALL PLEADINGS
           AND THE REMOVAL WAS NOT COMPLETED BEFORE THE
           CORRECTED AMENDED COMPLAINT WAS ACCEPTED BY THE
           NEW YORK STATE SUPREME COURT ………..………………......... 5

    III.    DEFENDANTS CONDUCT IN PURSUING THE REMOVAL AND
           CONTINUING TO CONTEST THE MOTION TO REMAND HAS BEEN
           TAKEN IN BAD-FAITH AS A COSTLY AND TIME CONSUMING
           LITIGATION TACTIC WARRANTING THE GRANTING OF LEGAL
           FEES AND COSTS……………………………………………………… 8

    IV.    CONCLUSION………………………………………………………… 9

# TABLE OF AUTHORITIES

**CASES:**

*Cal. Pub. Emps. Ret. Sys. v. WorldCom, Inc.,*

    368 F.3d 86, 100 (2d Cir. 2004).................................................................5

*Deutsche Bank Trust Co. Ams. v. Porzio*

    2019 U.S. Dist. Lexis 3161 (U.S. Dist. Ct. Conn, January 8, 2019)................5

*Grimo v. Blue Cross/Blue Shield of Vermont,*

    34 F.3d 148, 151 (2d Cir. 1994).................................................................5

*Purdue Pharma L.P. v. Kentucky,*

    704 F.3d 208, 213 (2d Cir. 2013)...............................................................5

*United Food & Commercial Workers Union v. CenterMark Props. Meriden Square, Inc.,*

    30 F.3d 298, 301 (2d Cir. 1994)..............................................................7, 8

**STATUTES & SECONDARY SOURCES:**

28 U.S.C. § 1441............................................................................................5. 11

28 U.S.C. § 1446............................................................................................7, 8, 9

28 U.S.C. § 1447............................................................................................1, 10

**PRELIMINARY STATEMENT**

The motion before the Court seeks an Order remanding the instant action to New York County Supreme Court, pursuant to 28 USC § 1447. The questions before this Court are in some regards a novel issue raised by the wide-scale acceptance of electronic filing, the unique practice concerns that stem from electronic filing and the lack of comprehensive authoritative rules governing procedural issues that arise in the course of electronic filing in litigation practice. While there is a digital and automated component to electronic filing, the system itself relies on human input and thus lends itself to unique occurrences such as delays in rejections and returns for correction, which is exactly what occurred in this matter. Defendants' opposition devolves into unnecessary tangents which have no bearing on the issue of remand—the only questions before the Court are 1) does this Court have original jurisdiction; and 2) was the defendants removal procedurally proper given the sequences of events arising from the County Clerk returning the Amended Complaint for correction.

First, Plaintiffs submit that in light of the undisputed fact that the Amended Complaint on file with the New York State Supreme Court contains no federal claims, this Court is devoid of original subject matter jurisdiction. For that reason alone, this matter must be remanded to New York State Supreme Court. Second, in light of defendants' 1) failing to attach all pleadings and attaching an Amended Complaint which had already been returned and replaced at the time the Notice of Removal was filed; and 2) that defendants did not complete the removal by filing the proof of service until the following day, by which time the Amended Complaint had been returned and replaced for a second time, the removal is procedurally defective and, thus, should be remanded to New York State

Supreme Court on both jurisdictional and procedural grounds. There can be no dispute that by the time defense counsel completed their removal by filing the Affidavits of Service, the Amended Complaint accepted by the New York State Supreme Court contained no federal claims.

## FACTS

Plaintiffs incorporate by reference the Affirmation of Neal Brickman in Support of Plaintiffs' Motion to Remand and the Affirmation of Neal Brickman in Further Support of Plaintiffs' Motion to Remand. Notably, the Court is asked to take judicial notice of the following procedural history pertaining to the State Supreme Court action. In the interest of clarity, we have labeled the Complaints and Amended Complaints in this action as (A) through (D). The following chart demonstrates the sequences of events and a provides detailed account of the filings in State Supreme Court.

| eFiling Transaction | Action | Status |
|---|---|---|
| December 4, 2018: | Uploaded Original Complaint(A) | *Filed* |
| March 24-25, 2018: | Defendants refuse service | |
| March 27, 2019: | Uploaded Amended Complaint(B) | |
| April 3, 2019 at 4:12PM | Clerk returned Complaint(B) | |
| April 3, 2019 at 5:15PM | Uploaded Amended Complaint(C) | |
| April 3, 2019 at 6:37PM | Defendant erroneously tried to file a notice of removal based upon Amended Complaint(B) which was already returned by the Clerk, never filed in this case, and had already been replaced by Amended Complaint(C) | |
| April 4, 2019 at 9:13AM | Clerk returned Complaint(C) | |
| April 4, 2019 at 1:46PM | Uploaded Amended Complaint(D) Complaint (D) contains no federal claims | *Filed* |

2

## ARGUMENT

I. DEFENDANTS HAVE FAILED TO MEET THEIR BURDEN DEMONSTRATING SUBJECT MATTER JURISDICTION

As has been thoroughly briefed, there are only two operative questions before Your Honor 1) whether or not this Court has original jurisdiction and 2) whether the defendants' removal was procedurally improper. It is indisputable that defendants are erroneously seeking to remove this action based upon a draft-pleading (Amended Complaint(B)) that was never accepted for filing by the New York County Clerk's Office. In fact, the draft-pleading in question was returned by the County Clerk for corrections, amended, and replaced by plaintiffs (Amended Complaint(C)) before defendants defective removal was ever initiated. Ultimately, draft-Amended Complaint(C) was returned and replaced by plaintiffs' Amended Complaint(D) which was both uploaded and "filed" by the County Clerk before defendants completed all the steps necessary to finalize removal. Despite the somewhat complex filing history, the most important issue that this court will note is the fact that plaintiffs' Amended Complaint(D) -- which contains no federal claims -- was officially deemed "filed" on March 27, 2019 by the New York County Clerk's Office. This means that plaintiffs' official Amended Complaint, was filed one-week before defendants' defective removal attempt which began on April 3, 2019 and was completed the following day on April 4th. Therefore, this action should be remanded.

The salient points are as follows:

(i) defendants are erroneously attempting to remove this action based upon a draft-pleading(B) which has never been filed by the Clerk of the State Court;

3

(ii) the draft-pleading that defendants' are trying to base their removal on was returned by the Clerk and replaced by plaintiffs' by draft(C) before defendants initiated their defective removal;

(iii) neither draft(B) nor draft(C) were ever accepted and filed by the Clerk. They are not part of the Court's file and are a nullity except for the fact that the date and time of the initial attempt to file an amended complaint serves as a place-holder for when the Clerk ultimately accepts a bona-fide Amended Pleading. Therefore, defendants have not attached to their removal application any legal pleading upon which removal can be based;

(iv) the sole-Amended Complaint that has been accepted, and filed, by the County Clerk's Office contains no federal claims, and legally precedes defendants' defective removal attempt by one-full week in time.

Plaintiffs submit that the defendants cannot remove an Amended Complaint that does not exist in the State Court record (Amended Complaint B) and/or an Amended Complaint that contains no federal claims (Amended Complaint D) and that furthermore defendants removal was procedurally improper as defendants sought to remove a draft-pleading that had been rejected and sent back for corrections (Amended Complaint B) and at the time of the notice of removal was filed, had been already been replaced by a later iteration (Amended Complaint C). Defendants' Notice of Removal is procedurally defective since it is erroneously based upon a draft-pleading that was never filed by the County Clerk. Further, plaintiffs' "filed" Amended Complaint contains no federal claims, and therefore provides no basis for federal jurisdiction.

As the burden of proof of jurisdiction lies with the petitioner for removal, it is submitted that defendants have fallen short of meeting their burden and Plaintiffs motion, therefore, must be granted resulting in this matter being remanded to New York State Supreme Court forthwith.

It is both well settled and frequently cited that the Court must resolve all doubts against removability. Removal is permitted of civil actions of which the district courts of the United States have original jurisdiction. 28 U.S.C. § 1441(a). The *Deutsche Bank Trust Co. Ams.* case held that, "[f]ederal courts construe the removal statute narrowly, resolving any doubts against removability." citing *Purdue Pharma L.P. v. Kentucky*, 704 F.3d 208, 213 (2d Cir. 2013). The decision goes on to hold that, "the party opposing a motion to remand bears the burden of showing that the requirements for removal are satisfied citing *United Food & Commercial Workers Union, Local 919, AFLCIO v. CenterMark Props. Meriden Square, Inc.*, *supra* ("[T]he party asserting jurisdiction bears the burden of proving that the case is properly in federal court"); see also *Cal. Pub. Emps. Ret. Sys. v. WorldCom, Inc.*, 368 F.3d 86, 100 (2d Cir. 2004) ("'[T]he defendant bears the burden of demonstrating the propriety of removal'") (quoting *Grimo v. Blue Cross/Blue Shield of Vermont*, 34 F.3d 148, 151 (2d Cir. 1994))." See *Deutsche Bank Trust Co. Ams. v. Porzio* 2019 U.S. Dist. Lexis 3161 (U.S. Dist. Ct. Conn, January 8, 2019).

Should this Court look to decide Plaintiffs motion to remand on a determination as to jurisdiction, Your Honor need look no further. Plaintiffs' have undisputedly demonstrated that the "official" Amended Complaint has been deemed filed by the Court Clerk on March 27, 2019. Since there is no original subject matter jurisdiction, remand of this matter to New York State Supreme Court with no further analysis should be granted.

The burden is upon the party seeking removal to show that there is subject matter jurisdiction, and defendant have not and cannot meet that burden. Defendants have offered no authority demonstrating that a Notice of Removal can be made based upon a draft-pleading that was rejected by the Court, and legally replaced "as of right" with a properly filed amended pleading that contains no federal claims. To the extent this case was ever actually removed, it should be remanded to State court.

A. <u>DEFENDANTS' ATTEMPTED REMOVAL IS PROCEDURALLY DEFECTIVE AS DEFENDANTS ATTACHED A PRIOR ITERATION OF THE AMENDED COMPLAINT, FAILED TO ATTACH ALL PLEADINGS AND THE REMOVAL WAS NOT COMPLETED BEFORE THE CORRECTED AMENDED COMPLAINT WAS ACCEPTED BY THE NEW YORK STATE SUPREME COURT</u>

Should this Court deem it necessary to further undertake an analysis of whether the defendants removal was procedurally proper, then the Court will take notice of the minute by minute recounting of the procedural history showing the exact timing of the electronic filings of each Amended Complaint (A) through (D) and defendants' Notice of Removal filed in the New York State Supreme Court. The NYSCEF electronic filing confirmations documenting each date and time are annexed to the Affidavit of Neal Brickman in Support of the Reply Memorandum in Further Support of Plaintiffs' Motion to Remand. See **Exhibits "A" through "F"**.

Upon conducting an analysis of the timing of the filings, this Court will see the undisputable fact that there are multiple distinct procedural defects to the Defendants' attempted removal. Most significantly, defendants' notice of removal filed on April 3, 2019

at 6:37 PM attaches Amended Complaint B, which by 6:37 PM on April 3, 2019, had already been returned for corrections and replaced by Amended Complaint C.

Assuming *arguendo* that this Court's analysis looks past the fact that the only Amended Complaint, Amended Complaint D, accepted by the New York State Court, contains no federal claims, then defendants removal must be remanded as the attempted removal is also procedurally defective by virtue of defendants' failing to attach the "filed" pleadings and specifically the Amended Complaint (Amended Complaint "D") which was deemed filed by the State Court on March 27, 2019. Rather, defendants attached a prior draft-pleading (Amended Complaint B) which had already been returned for correction on April 3, 2019 at 4:12 pm, and which had already been replaced, prior to the attempted removal, by Amended Complaint C as of April 3, 2019 5:15 pm.

Given that defendants attached a draft-pleading (Amended Complaint B), which had already been returned for corrections and replaced and, therefore, was never the Amended Complaint on file with the New York State Supreme Court at the time of the attempted removal, the removal must be found to be procedurally defective. 28 U.S.C. § 1446(a) states as follows: "The defendant shall also file with the notice of removal "a copy of all process, pleadings, and orders served upon" the defendant(s). See 28 U.S.C. § 1446(a).[1] Defendants' argument that draft-complaint(B) was mistakenly served upon them is without merit, as a document does not become a legal pleading unless, and until it is filed with the Clerk of the Court. Since this document was never filed by the Clerk, is of no legal

---

[1] In commenting on the procedure for removal to Federal Court, the ABA states that, "practically speaking, attaching the entire state court file to the notice of removal will satisfy this requirement. The state court clerk's office can be a helpful resource in ensuring you have all necessary processes, pleadings, and orders, even in jurisdictions maintaining an online docket." See
https://www.americanbar.org/groups/litigation/committees/woman-advocate/articles/2017/how-to-remove-case-to-federal-court/

7

authority. The only amended "pleading" that has legal authority in this case is Amended Complaint(D), which was filed by the County Clerk effective March 27, 2019 and contains no federal claims.

Defendants' attempted removal also must fail because the attempted removal does not include the pleadings on file with the Clerk of the State Court - despite the fact that the Amended Pleadings were deemed filed "before" defendants attempted to remove. To this date, defendants have still not filed a valid notice of removal because they have failed to attach a copy of the pleadings that are on file in the Clerk's Office (Amended Complaint(D)). Since Amended Complaint(D) was deemed filed March 27, 2019, defendants' subsequent removal attempt must include that amended pleading in order for it to be valid.

As there can be no dispute that plaintiff's filed Amended Complaint(D) contains no "federal claims", there is no basis for the defendants to assert this as a basis for removal. Further, the Notice of Removal also failed to attach Amended Complaint D and no Amended Notice of Removal was ever filed with the Court—primarily because any such amended notice would warrant the defendants attaching an Amended Complaint that does not contain any federal claims.

The Hospital and University defendants' removal is procedurally improper on several grounds as defendants failed to comply with all requirements pursuant to 28 U.S.C. 1446 and attempted to effect the removal relying upon and attaching a draft-pleading which was not accepted for filing with the New York State Supreme Court.

B. <u>DEFENDANTS CONDUCT IN PURSUING THE REMOVAL AND CONTINUING TO CONTEST THE MOTION TO REMAND HAS BEEN TAKEN IN BAD-FAITH AS A COSTLY AND TIME-CONSUMING LITIGATION TACTIC WARRANTING THE GRANTING OF LEGAL FEES AND COSTS</u>

The undersigned does not dispute that the delay by the Court Clerk in rejecting draft-Amended Complaint(B) could have caused confusion among both sides of this action. However, the court shall note that Defendants actually append a Docket Report dated April 3, 2019 and time stamped at 2:20 pm which shows that the Amended Complaint was in fact "Pending" acceptance by the Clerk of the State Supreme Court. This fully demonstrates that the Defendants undertook a search of the Court's docket, yet failed to confer with the County Clerk as to the status of the filing and to ensure that they were in fact properly seeking removal and attaching all pleadings to the Notice of Removal as required under 28 U.S.C. 1446.[2]

Thus, even if we were to assume that defense counsel did not fully appreciate the significance of the designation of "Pending" on the Clerk's Docket, and genuinely filed their notice of removal in good-faith, we cannot now overlook the fact that the defense has refused to accept the reality that when a document is returned by the Clerk for correction, that a party may make any legal corrections they want, including the removal of any defects or claims, and re-submit the amended document for approval. Further, the re-submitted document must take the place in time that the original submission occupied. Because of this, plaintiffs' Amended Complaint(D), which contains no federal claims, has been legally

---

[2] The New York Supreme Court County Clerk has advised Plaintiffs that defendants attempted removal was procedurally improper because it sought removal of a document not yet received and accepted by the Clerk and in effect sought to remove a document that does not exist in the County Clerk's file or records-- in any form. This, in part, informs the Plaintiffs arguments that the filing must and can only be considered a legal nullity.

9

and properly deemed filed on March 27, 2019 by the Clerk of the Court. Regardless of how upset this may make the defense, they should be persisting in advancing the meritless argument that their removal - based on a non-filed pleading - was proper.

In an effort to try and avoid wasting our time and expense, as well as that of the court, Plaintiffs requested Defense counsel's consent to stipulating to remand the matter to allow the case to move forward without the need for this unnecessary motion practice both before and following the submission of the instant motion and reply to this Court. Defense counsel, however, failed to even respond to those overtures, and has rather sought to delay the adjudication of this matter on its merits by engaging in specious motion practice and advancing opposition and arguments which have no bearing on the questions before the Court.

Given the defendants' bad-faith actions in improperly attempting to remove the case and more so, in refusing to agree to stipulate to the remand and/or otherwise withdraw their opposition to plaintiffs' motion to remand, there can be no dispute that the defendants have acted in bad faith in their actions concerning this improper attempt at removal. To that end, plaintiffs submit that they are entitled to the award of legal fees and costs arising from the attempted removal and the resultant motion practice. "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." See 28 U.S.C. 1447(c).

## **CONCLUSION**

Under the prevailing case law, the removing defendants must and, here, absolutely cannot, show that subject matter jurisdiction exists in the instant matter. It is undisputed that the Amended Complaint accepted by the State Supreme Court, and the only Amended

Complaint that is part of any record—Amended Complaint D, contains no federal claims. Absent a showing by defendants as to some recognized legal basis conferring subject matter jurisdiction, a showing which here cannot be made, the instant matter must be remanded to State Court pursuant to 28 U.S.C. § 1441.

Furthermore, for the reasons discussed herein defendants' attempted removal failed to take heed of the current State Supreme Court docket at the time the Notice of Removal was filed and failed to include the only Amended Complaint on file with the Court (Amended Complaint D) which has legally been deemed filed by the Court Clerk prior to the effectuation of the attempted removal.

For all of the foregoing reasons, Plaintiffs respectfully request that this Court issue an Order remanding the instant action to New York County Supreme Court and granting to Plaintiffs motion, including the awarding of legal fees and costs and such other and further relief as the Court deems just, fit and proper.

Dated: New York, New York
       May 24, 2019

                                  The Law Offices of Neal Brickman, P.C.
                                  *Attorneys for Plaintiffs*

                              By: _____
                                  Neal Brickman (NB0874)
                                  Jason A. Stewart (JS4602)
                                  420 Lexington Avenue, Ste. 2440
                                  New York, New York 10170
                                  (212) 986-6840
                                  neal@brickmanlaw.com
                                  jason@brickmanlaw.com