# THE LAW OFFICE OF ANTHONY T. DIPIETRO, P.C.

PATIENT SAFETY and
MEDICAL MALPRACTICE LAW FIRM

ATDLaw.com   t:@atdipietro

*Protecting Patient Rights Since 1999*
*Selected by New York State Super Lawyers™*

*Admitted to Practice Law in New York State and the Commonwealth of Pennsylvania
as well as the Southern District of New York*

<u>New York Office:</u>
The Woolworth Building
233 Broadway, Suite 880
New York, NewYork 10279
(212) 233-3600

<u>Philadelphia Office:</u>
Rittenhouse Square
1845 Walnut Street, Suite 1300
Philadelphia, Pennsylvania 19103
(800) 215-1003

February 17, 2020

Hon. Andrew L. Carter, Jr.
Southern District of New York
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

Re:   Hoechstetter v. Columbia University, et. al.
      Civil Case Number: 19-CV-02978 (ALC)

Justice Carter:

      Please allow this letter in response to Your Honor's recent inquiry. I returned to New York from out of state yesterday, and have attempted to locate the document (C) that you were seeking. I cannot say with any certainty whether or not the document I've attached to this letter is actually the document that was uploaded to the State Court's computer system. The actual document that was uploaded was rejected, never recorded in the Clerk's Office, and never printed out by me or my office. Therefore, I have no way of being able to represent that the attached document is the one that you were looking for. Despite the uncertainty, I believe it is important to note that a document does not become a "legal pleading" in the New York State Supreme Court until that document has been accepted, approved, and "filed" by the Clerk of the Court. This document (just like document B) was never accepted, approved, or filed by the Clerk of the Court. Therefore, it is indisputable that defense counsel has erroneously attempted to remove this case to the Federal Court based on a document (B) that is not a legal pleading.

      Further, NYS Supreme Court Justice Billings has already stated that defendants are in default of answering for failing to interpose an answer to the <u>filed</u> Amended Complaint (D) in this case. See, attached Court Transcript dated 06/20/2019 at Page 45, Line 2, through Page 46, Line 9 (attached) regarding Amended Complaint (D). As a result of that "on the record" statement, defendant Hadden has appeared in the State Court action by the service of his Verified Answer to Amended Complaint (D) on July 3, 2019 (attached). A motion for default judgement against the Corporate Defendants was also filed and is pending in the State Supreme Court.

      In addition, the parties have conducted no less than six (6) telephone conferences with State Supreme Court Justices Billings and Silver regarding the motions, discovery, and ongoing mediation being conducted in these cases in State Court. Between October 2019 and the Present, the attorneys, as well as a majority of the plaintiffs in this action, have also physically attended four (4) separate State Court mediation hearings in an effort to mediate and resolve the cases. We are currently scheduled to attend our fifth mediation hearing tomorrow, February 18, 2020. However, due to the intense public interest in these cases, the total number of women that my office represents has gone from 32, to now over 65. It is my understanding that all of these women will be participating in the mediation hearings in State Court.

      Further, Your Honor will note that the plaintiffs named in each of the draft pleadings are different. I don't believe this was previously addressed, but it is an important issue. For example: Jane Doe #27, Jane Doe #28, and Jane Doe #30 were not part of the Original filed Complaint of December 4, 2018. However, they are included in the caption of the filed Amended Complaint (D) dated April 4, 2019. I'm pointing this out because it means that at the time of the erroneous removal, the only legal Pleading in existence was the "Original Complaint" which does not include Jane Doe #27, Jane Doe #28 and Jane Doe #30. Accordingly, the Amended Complaint (D) involving Jane Doe #27, Jane Doe #28 and Jane Doe #30, exclusively contains State Court causes of action.

      It is also important to note that there was only one (1) person of the 20-women in the original complaint who was a student of Columbia University and asserted a cause of action under Title IX. That would have been the only legitimate "federal issue" in this case, and it has been abandoned by plaintiff's Amendment in Complaint D. This case should not be in Federal Court. However, to the extent that it is, it is requested that it either be remanded, or that the case of Jane Doe #18 be severed from the other cases, and that the other cases be remanded back to State Court.

      Finally, to the extent that any cases remain in the federal court system, it appears that they would necessarily be there "pre-Amended Complaint (D)". Accordingly, I request time to file an Amended Complaint (as of right) to add a civil cause of action under the Racketeer Influenced and Corrupt Organizations (**"RICO"**) Act of the United States based upon powerful, and recently discovered evidence involving a massive and concerted coverup by several principals of corporate defendants. Specifically, the newly discovered evidence provides conclusive proof that Columbia University and its corporate agents have participated in a long-standing scheme to abuse, exploit, and defraud hundreds, if not thousands, of female patients who were subjected to predatory sexual abuse by a convicted sexual felon for the better part of two (2) decades at Columbia University.

                                                                     Best regards,

                                                                       Anthony T. DiPietro

cc:     Aaronson Rappaport Feinstein & Deutsch
          Vaslas Lepowsky Hauss & Danke LLP