# AARONSON RAPPAPORT
Aaronson Rappaport Feinstein & Deutsch, LLP

Jay A. Rappaport
(212) 593-6704
jarappaport@arfdlaw.com

February 20, 2020

**VIA ECF**
United States District Court
40 Foley Square
New York, New York 10007
Attention: Honorable Judge Andrew L. Carter, Jr.

Re:  Hoechstetter et al v. Columbia University et al;
Civil No.: 1:19-cv-02978-ALC
Our File No:  150.562

Dear Judge Carter:

Our office represents The Trustees Of Columbia University In The City Of New York s/h/a "Columbia University," "Columbia University College Of Physicians And Surgeons," "Columbia - Presbyterian Medical Center, East Side Associates," and "East Side Associates", and The New York And Presbyterian Hospital s/h/a "The New York And Presbyterian Hospital," "Columbia Presbyterian Medical Center," "Columbia University Medical Center," "Presbyterian Hospital Physician Services Organization, Inc.," "Columbia Cornell Network Physicians, Inc." and "Sloane Hospital For Women" in the above-entitled action.

In response to this Court's February 5, 2020 order (Docket #41), we previously wrote to the Court on February 10, 2020 (Docket #42), indicating that we did not possess (and have never possessed) the pleading that is being referred to as "Complaint C," a second amended pleading that is claimed to have been filed at some point with the New York State Supreme Court. Anthony T. Dipietro has now filed a February 17, 2020 response to the Court's order (Docket #44), despite the fact that he is not counsel of record for the plaintiffs in this federal lawsuit. His response nevertheless indicates that he too also does not have a true and accurate copy of this pleading. The response, however, then goes beyond that simple answer and makes a series of unsolicited statements that are designed to sow confusion and misdirection. We therefore ask the Court to consider this short response.

First, the chronology here should no longer be in question. When the plaintiffs served and filed an amended summons and complaint on March 27, 2019, that pleading contained for the first time a number of federal claims. This went beyond the Title IX cause of action, but also included claims under the Cleary Act (20 U.S.C 1092(f) and 34 C.F.R. 668.46) that allegedly applied to multiple plaintiffs. But the number of federal claims, and the number of individuals asserting those claims, is ultimately not relevant for our purposes. The existence of even one federal cause of action as to even one plaintiff gave the defendants the right to remove this matter to federal court, which is exactly what we did on April 3, 2019.

Mr. Dipietro's letter suggests that the removal was not based on a "legal pleading," presumably because the clerk of the state court instructed the plaintiff to re-file the pleading once the caption had been corrected (as the pleading had inadvertently omitted one of the "Jane Does"). However, as has

been pointed out previously (see Docket #25), the request to a party to resubmit a document after an error has been fixed does not invalidate or remove the original filing. And, indeed, the state court clerk has the ability to outright reject a pleading or other document and remove it from the case docket, which is decidedly not what happened here. The fact that the plaintiffs ignored the state court's instructions and failed to correct the error in the caption, and chose instead to try to file yet a different amended pleading after the removal date, so as to conveniently exclude the federal causes of action, does not somehow retroactively invalidate the removal.

It should go without saying that the fact that the defendants have in good faith attended mediation sessions in an effort to resolve all related cases, whatever the forum, does not invalidate federal jurisdiction, and the plaintiffs cite to no law in support of that proposition. Instead, lacking any legal basis to argue against federal jurisdiction, our adversary resorts to intimidation, threatening yet further amendments to pleadings to add civil RICO causes of action. One can legitimately question why opposing counsel argues so fervently for a remand to the state court if there are truly valid federal causes of action that have yet to be asserted.

Very truly yours,

AARONSON RAPPAPORT FEINSTEIN & DEUTSCH, LLP

Jay A. Rappaport