UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
   MARISSA HOECHSTETTER, et al.,   :
                                                                                                 :
                                         Plaintiffs,   :
                                                                                 :      19-CV-2978 (ALC)
                  -against-                                       :
                                                                                  :      **OPINION AND ORDER**
   COLUMBIA UNIVERSITY, et al,    :
------------------------------------------------------------x

**ANDREW L. CARTER, JR., United States District Judge:**

      If a plaintiff sues a defendant, alleging violations of both state and federal law, the plaintiff may bring the case in either state or federal court. If the plaintiff sues in state court, Congress gives the defendant a choice: the defendant may allow the case to proceed in state court or remove the case from state court to an appropriate federal district court.

      Removing a case from state court to federal court requires a defendant to complete three steps: file the notice of removal in federal court, give notice to adverse parties, and file a copy of the notice of removal with the state court.

      In New York state court, the plaintiffs filed a complaint and three versions of an amended complaint, all alleging that a medical doctor sexually abused women while providing gynecological and/or obstetric care. ECF 1 ¶ 8. The complaint and the first version of the

1

amended complaint contained claims arising under both federal and state law while the third version of the amended complaint alleged only state law claims.[1]

Plaintiffs seek remand to state court, claiming that the defendants attached the wrong version of the amended complaint to the removal petition and that this Court lacks subject matter jurisdiction since the most recent version of the complaint deleted the federal claims.

I find that the defendants attached an appropriate version of the complaint to the removal petition and that the defendants completed the process of removal before the plaintiffs filed the third version of the amended complaint. Since the case was removed to federal court—as opposed to being filed originally in federal court by the plaintiffs—the Court retains jurisdiction, despite the plaintiffs' belated attempt to eliminate federal claims. The motion to remand is denied.

## BACKGROUND

In December 2018, Plaintiffs filed a complaint in state court, accusing a medical doctor of sexually abusing women while providing gynecological and/or obstetric care. The complaint, which was never served on the defendants, contained both state and federal claims. On March 27, 2019, the plaintiffs filed an amended complaint, also containing both state and federal claims, serving it on defendants the following day. On April 3, Defendants filed a notice of removal in

---

[1] It is unclear whether the second version of the amended complaint contained both federal and state claims. On February 5, I requested the second version of the amended complaint from the parties. Although it is uncertain whether the document provided by the plaintiffs' counsel in response to my request is the second version of the amended complaint, the document provided contains both federal and state causes of action. ECF 44.

federal court and gave notice to the plaintiffs. Defendants attached a copy of the amended complaint to the removal petition.

Meanwhile, on April 3 at 4:12 p.m., the state court clerk's office notified Plaintiffs of errors in the amended complaint—specifically that Plaintiffs could not rename, remove or substitute parties without leave of court. The clerk's office returned the complaint, directed Plaintiffs to fix the mistakes and instructed them not to select the electronic drop-down option for filing a new document, but to select the option indicating they were re-filing a document. ECF. 34-2.

At 5:15 p.m., after the defendants filed the removal petition in federal court and gave notice to the plaintiffs, but before Defendants filed a copy of the notice of removal in state court, the plaintiffs, responding to the clerk's office, provided the state court with a corrected, second version of the amended complaint, "re-filing" it as the amended complaint. ECF 34-3. At 6:37 p.m., the defendants filed a copy of the notice of removal in state court. ECF 34-4.

On April 4 at 9:13 a.m., the clerk's office discovered similar errors in the second version of the amended complaint and notified Plaintiffs. ECF 34-5. At 1:46 p.m., the plaintiffs posted a third version of the amended complaint by "re-filing" it as the amended complaint. ECF 34-6. In the third version, the plaintiffs eliminated all federal causes of action.[2]

---

[2] Since the second and third versions of the amended complaints were "re-filed", corrected documents, the clerk's office kept the filing received date as March 27, 2019, the date the first version of the amended complaint was filed. ECF 34-1-6.

3

## STANDARD OF REVIEW

"Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). "Absent diversity of citizenship, federal-question jurisdiction is required." *Id.* A party seeking removal bears the burden of showing that federal jurisdiction is proper." Montefiore Med. Ctr. v. Teamsters Local 272, 642 F.3d 321, 327 (2nd Cir. April 21, 2011). "The removal statute is to be strictly construed, and any doubts should be resolved in favor of remand." Maness v. Zillow Grp., Inc., No. 19-CV-4330, 2019 U.S. Dist. LEXIS 215953 at 4. (EDNY December 19, 2013).

## DISCUSSION

To remove a case from state court to federal court, a defendant must complete three steps: file the notice of removal in federal court, give notice to adverse parties, and file a copy of the notice of removal with the state court. Hardman v. Bristol-Myers Squibb Co., 18-CV-11223 ALC, 2019 U.S. Dist. LEXIS 65553 (S.D.N.Y. April 17, 2019).

A) Defendants Attached An Appropriate Version Of The Amended Complaint.

When filing the notice of removal, a defendant "shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a

short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders *served upon such defendant or defendants in such action.*" 28 U.S.C. 1446 (a). (emphasis added).

Since the initial complaint and the second and third versions of the amended complaint were not served on the defendant at the time of removal, it was unnecessary to attach them. Cook v. Randolph County, 573 F.3d 1143, 1150 (11th Cir. July 7, 2009). ("But the defendants were not required to file all of the pleadings from the state court proceeding, only those that were served on them." *Id*. *See also* Certain Underwriters at Lloyd's London v. Art Crating, Inc., 12-CV-5078 NGG VRM, 2013 U.S. Dist. LEXIS 183306 at 12-22. (E.D.N.Y. December 16, 2013). The defendants properly attached the only version of the amended complaint that was both filed and served on them.[3]

B) Defendants Completed The Process Of Removal By Filing A Copy Of The Notice Of Removal In State Court On April 3.

On April 3, the same day that the defendants filed the notice of removal in federal court and served a copy on Plaintiffs, the defendants filed a copy of the notice of removal in state court. Although Plaintiffs filed a corrected, but still error-laden, second version of the amended complaint slightly before the defendants filed the notice of removal in state court, the defendants, as previously discussed, were not required to attach this unserved document to the petition.

---

[3] The other elements related to step one and two of the removal process are not in dispute.

Plaintiffs claim that since the clerk's office informed the plaintiffs that they needed to correct the first and second versions of the amended complaint, those documents were not filed, but instead were "draft pleadings." Therefore, even though the first version was served, it was not filed, invalidating the removal petition that attached the first version, allowing the plaintiffs to withdraw federal claims to deprive this court of jurisdiction.

This argument fails. Part of the writing process involves preparing drafts, but once the document is filed, or re-filed, it is no longer a draft. Nothing on the face of any version of the amended complaint indicated that any document was a draft or that another version was forthcoming. Filing errors are routine; Plaintiffs may not rely on their own quotidian miscues to achieve, as will be discussed in Part C, what the Supreme Court and Second Circuit forbid. Plaintiffs' decision to write, file, and serve a pleading, creating federal question jurisdiction by including federal causes of action, triggered Defendants' right to remove this action. On April 3, Defendants perfected this right.[4] The case was properly removed prior to the filing of the third version of the amended complaint.

C) Plaintiffs Can't Deprive This Court Of Jurisdiction By Withdrawing Federal Claims After The Case Has Been Removed.

The Supreme Court and Second Circuit have made it clear that in a removal context, as opposed to a situation in which the plaintiff originally files in federal court, a plaintiff

---

[4] On April 4, the defendants filed, in federal court, a certification that a copy of the notice of removal was filed in state court. ECF 6. The plaintiffs claim that the defendants didn't complete the removal process until they filed this certification. The plaintiffs are wrong. This step was not necessary for completion of the removal process. The Defendants will not be punished for taking this additional, unnecessary step.

cannot deprive a federal court of jurisdiction by withdrawing federal claims. In Touch Concepts, Inc. v. Cellco P'ship, 788 F.3d 98 at 101 (2nd Cir. 2015), citing Rockwell Int'l Corp. v. United States, 549 U.S. 457 at 474 n.6 (2007). "The rule that a plaintiff may not oust removal jurisdiction by voluntarily amending the complaint to drop all federal questions serves the salutary purpose of preventing the plaintiff from being able to destroy the jurisdictional choice that Congress intended to afford a defendant in the removal statute." In Touch Concepts, 788 F.3d 98 at 101 (2nd Cir. 2015), citing Boelens v. Redman Homes Inc., 759 F2d. 504, 507-508 (5th Cir. 1985).

Ousting removal jurisdiction by altering the complaint to drop all federal causes of action—this is exactly what the plaintiffs seek. Precedent debars this effort.

I have considered and rejected the plaintiffs' remaining arguments. The motion to remand is denied.

SO ORDERED.

Dated: February 25, 2020

New York, New York

ANDREW L. CARTER, JR.
United States District Judge