# Vaslas Lepowsky Hauss & Danke LLP

Attorneys at Law
201 Edward Curry Avenue, Suite 100
Staten Island, New York 10314

| | | |
|---|---|---|
| <u>Manhattan Office</u> | Telephone (718) 761-9300 | <u>New Jersey Office</u> |
| 630 Third Avenue, 5th floor | Facsimile (718) 761-9090 | 10 Auer Court |
| New York, NY 10017 | www.vlhd-law.com | E. Brunswick, NJ 08816 |
| Tel: (212) 374-9555 | | Tel: (732) 613-5083 |

Olena Sharvan
Associate

Admitted in New York
osharvan@vlhd-law.com

July 15, 2020

***Via ECF and courtesy copy via email (Parker-NYSDChambers@nysd.uscourts.gov)***
Hon. Magistrate Judge Katherine H. Parker
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

      Re: Hoechstetter et al. v. Columbia University et al.
         1:19-cv-02978-ALC
         **Request for Pre-Motion Conference**

Honorable Magistrate Judge Parker:

This office represents defendant Robert Hadden, M.D. in the above-referenced matter. In accordance with the Individual Practices, we respectfully request that the Court schedule a pre-motion conference to file a motion to dismiss Plaintiff's Amended Complaint in its entirety against Robert Hadden, M.D. under Rules 4(m), 12(b)(2), 12(b)(4), 12(b)(5) and 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiffs failed to timely and properly serve the Summons and Complaint. In addition, if the Complaint had been timely and properly served, Plaintiffs' causes of action are time-barred and/or fail to state cognizable claims. Since this action is already scheduled for a pre-motion conference on August 19, 2020, regarding the co-defendants, it is respectfully requested that this pre-motion conference also be scheduled for the same time.

Background and Procedural History
The Amended Complaint in issue arises from allegations that Robert Hadden, M.D. sexually abused the plaintiffs between January 1993 and August 2012, while they were under his care and treatment for gynecologic and/or obstetric care. This action was removed to the SDNY on April 3, 2019. Plaintiffs objected and filed a motion to remand. On February 25, 2020 the Honorable Judge Carter, denying Plaintiffs' motion to remand and retained jurisdiction over this action.

Although Dr. Hadden is named as a defendant in the action pending before this Court, he was not properly served with the Summons or Complaint. The Amended Summons and Amended Complaint served on Dr. Robert Hadden on June 24, 2020 contain the name of the state court where it was initially filed and the state court index number. The Amended Summons served on Dr. Hadden was not signed and sealed by the Clerk of United States District Court for the Southern District of New York. The summons served on

Honorable Magistrate Judge Katherine H. Parker
Re:  Hoechstetter, et al. v. Columbia University, et al.
July 15, 2020
Page 2

Dr. Robert Hadden on June 24, 2020, is signed by plaintiffs' attorney Anthony DiPietro and dated March 24, 2019. See, Doc. 1-1, Exhibit A Furthermore, the Affidavit of Service filed by Plaintiff's attorney on July 2, 2020, is addressed to the Supreme Court of the State of New York, New York County, and contains the state court index number. See Doc. 1-2, Exhibit B, Affidavit of Service.

Grounds for Proposed Motion
Our motion will ask the Court to dismiss plaintiffs' Amended Complaint in its entirety, including claims that are based on state law, which involve settled principles that are identical to the Federal claims. See *Lundy v. Catholic Health Sys. Of Long Is., Inc.,* 711 F.3d 1006, 117-118 (2d Cir. 2013) (citation omitted).

   1. Failure to Timely and Properly Serve the Summons and Complaint

This action was commenced on December 4, 2018.  The Amended Complaint was removed to this Court on April 3, 2020. Dr. Hadden was not served with the "Summons" and Amended Complaint until June 24, 2020.

Plaintiffs have never requested that this Court extend the time to serve Dr. Hadden. [1] Furthermore, despite the removal of this action to this Court, Plaintiffs never requested the issuance of a summons as required by Rule 4(a) of the Federal Rules of Civil Procedure. Instead, on June 24, 2020, Plaintiffs improperly served Dr. Hadden with the Amended Summons that contains the New York State caption and index number. In violation of Rule 4(a), the untimely Summons was not issued, signed, or sealed by the Clerk of the United States District Court. It also states an incorrect time within which Dr. Hadden must appear and defend.

Plaintiffs' failure to comply with the FRCP not only prevents obtaining personal jurisdiction over Dr. Hadden, it demonstrates a flagrant disregard of Rule 4 of the FRCP. See, *Osrecovery, Inc. v. One Group Int' l, Inc.,* 234 F.R.D. 59, 60 (S.D.N.Y.2005). Such service should be considered invalid, and amendment need not be allowed. *Id.*  Serving an unsigned and unsealed summons is a "serious infraction" that "may demonstrate a flagrant disregard for the rules and fails to assure the person served that the summons was in fact issued by the clerk of a court and not by the plaintiff or his attorney. *Gianna Enters. v. Miss World (Jersey) Ltd.,* 551 F.Supp. 1348, 1358 (S.D.N.Y.1982).

The Amended Summons served on Dr. Hadden was actually signed by Plaintiffs' attorney and dated March 24, 2019. Moreover, a copy of the Amended Complaint served on Dr. Hadden appears to be missing at least one page if compared with the Amended Complained that attached to the Notice of Removal that was filed on April 3, 2019. If this was the only violation, it warrants dismissal of Plaintiffs' action pursuant to Rules 4, 12(b)(2), 12(b)(4), 12(b)(5) of the Federal Rules of Civil Procedure.

In addition to the above, Plaintiffs service of the Amended Summons and Amended Complaint was not timely. Plaintiffs had 90 days since the complaint was filed to serve the defendants. FRCP 4(m), 28 U.S.C.A. Dr. Hadden was served with the Amended Summons and Amended Complaint one year and six months after the action was initially commenced (December 4, 2018), one year and four months after it was removed to this Court (April 4, 2019), and 120 days after the Court denied Plaintiffs' motion to remand (February 25, 2020). All the above warrant dismissal of Plaintiffs' action against Dr. Hadden.

---

[1] On April 5, 2019, Plaintiffs filed a motion in New York Supreme Court to extend the time to serve defendants. The motion was denied on March 2, 2020,

Vaslas Lepowsky Hauss & Danke LLP

Honorable Magistrate Judge Katherine H. Parker
Re: Hoechstetter, et al. v. Columbia University, et al.
July 15, 2020
Page 3

In addition, on July 8, 2020, the undersigned wrote to Plaintiffs' counsel requesting that he immediately withdraw this pleading together with the affidavit of service which was filed with the Court (Doc. 1-3, Exhibit C). Plaintiffs' counsel has not responded to the July 8, 2020 letter or our follow up communication on July 13, 2020 and July 14, 2020 (Id.). As of today, Plaintiff's counsel did not respond to our request to withdraw the improperly served summons and complaint. Dr. Hadden's whereabouts were and are well-known to Plaintiffs' counsel. Therefore, it is unlikely that Plaintiffs would be able to demonstrate good cause for their failure to timely effectuate service on Dr. Hadden. Notwithstanding any showing of good cause by Plaintiffs, any attempt to serve Dr. Hadden would be futile as Plaintiffs' complaints are time-barred by the applicable statutes of limitation.

    2. <u>Statute of Limitations</u>

As noted above, this action was commenced on December 4, 2018, more than six years after Dr. Hadden last saw any of the Plaintiffs. See Doc. 1-1, Amended Complaint, §§ 5, 12, 22, 31, 40, 45, 54, 64, 77, 89, 117, 130, 142, 152, 173, 183, 191, 203. Based on the statutory prescribed statute of limitations and the timeline asserted in the Plaintiffs' Amended Complaint, all of Plaintiff's claims are time-barred. The statute of limitations for Title IX claims is three years from the time the cause of action accrued. *Curto v. Edmundson,* 392 F.3d 502, 503-504 (2d Cir. 2004). Federal constitutional claims must be brought under 42 U.S.C. Section 1983 within three years. See *Hogan v. Fischer,* 738 F.3d 509, 517 (2d Cir. 2013. Plaintiff's claims that arise based on Title IX and Plaintiffs' federal constitutional claims are clearly time-barred. With respect to the statute of limitations for the state law claims, CPLR prescribes three years for negligence (CPLR §214(5)), one year for intentional torts (CPLR §215(3)), and six years for fraud (CPLR §213(8)).

    3. <u>Failure to State a Cause of Action</u>

We further concur with and seek to file a pre-answer motion to dismiss with similar arguments advanced in the April 17, 2019 letter filed by Mr. Ratner (Docket #16).

Thank you for your attention to this matter and consideration of the foregoing.

                                      Respectfully yours,

                                      Olena Sharvan

Cc: All Parties VIA ECF