# THE LAW OFFICE OF ANTHONY T. DIPIETRO, P.C.

PATIENT SAFETY and
MEDICAL MALPRACTICE LAW FIRM

ATDLaw.com    t:@atdipietro

*Protecting Patient Rights Since 1999*
*Selected by New York State Super Lawyers™*

*Admitted to Practice Law in New York State and the Commonwealth of Pennsylvania*
*as well as the Southern District of New York*

| | |
|---|---|
| *New York Office:* | *Philadelphia Office:* |
| The Woolworth Building | Rittenhouse Square |
| 233 Broadway, Suite 880 | 1845 Walnut Street, Suite 1300 |
| New York, New York 10279 | Philadelphia, Pennsylvania 19103 |
| (212) 233-3600 | (800) 215-1003 |

December 6, 2021

Hon. Andrew L. Carter, Jr.
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

RE: *Hoechstetter v. Columbia University* 1:19-cv-02978
*Jane Doe 16 v. Columbia University* 1:20-cv-01791

Dear Judge Carter,

I am an attorney for the plaintiffs in the above-referenced cases. I am in receipt of the December 4, 2021, letter of my co-counsel Mr. Adam Slater advising the Court that he, and his firm Slater Slater Schulman, LLP, request to withdraw as counsel for the plaintiffs in these actions.

Although co-counsel's letter refers to Local Rule 1.4, the letter does not provide any of the information the Rule requires: it does not provide any reason for withdrawing; it does not state whether co-counsel is asserting a retaining or charging lien; and it does not indicate that co-counsel has served his clients with the letter seeking to withdraw. In light of the particular facts and circumstances that have led up to his application, it does seem important to request that the Court ensure Mr. Slater complies with the Court's rules.

Co-counsel's failure to notify each client of his separate negotiations, and current request to withdraw, are of particular concern. The Slater firm recently reached a partial settlement with defendants, involving the claims of only 79-clients. However, none of those 79-clients are named as plaintiffs in either case that is pending before this Court.

In negotiating and securing the partial settlement, co-counsel did not inform me, any of the plaintiffs in the actions before this Court (on whose behalf Mr. Slater and his firm have appeared), or any of the clients who are participating in the global mediation, of his separate dealings with the defendants. This is significant because co-counsel and I were engaged in a mediation with the defendants for an aggregate settlement of all plaintiffs' claims.

At all times, while negotiating the partial settlement of only 79-cases, Mr. Slater was also representing all five (5) of the proposed class representatives in *Jane Doe 16 v. Columbia University, et. al.*, as well as the 18 clients in the *Hoechstetter v. Columbia University, et. al.*, action before this Court. There is reason to believe that Mr. Slater's partial settlement may undermine the value of the claims of the putative class, as well as the interests of the remaining 123 claimants who are participating in the mediation. The consummation of the partial settlement by co-counsel, poses a potential conflict of interest for Mr. Slater as it affects each of the other clients on whose behalf he has appeared in this Court.

In sum, co-counsel negotiated a settlement for some clients (which benefited him and his firm financially), without telling any of the other clients on whose behalf he has appeared, and now seeks to quietly withdraw from two cases, without informing any of the clients, in violation of the Court's rules.

Respectfully submitted,

Anthony T. DiPietro

cc: Pacer service list
    Magistrate Justice Katherine H. Parker via
     email: Parker_NYSDChambers@nysd.uscourts.gov