# THE LAW OFFICE OF ANTHONY T. DIPIETRO, P.C.

PATIENT SAFETY and
MEDICAL MALPRACTICE LAW FIRM

ATDLaw.com   t:@atdipietro

*Protecting Patient Rights Since 1999*
*Selected by New York State Super Lawyers™*

*Admitted to Practice Law in New York State and the Commonwealth of Pennsylvania*
*as well as the Southern District of New York*

*New York Office:*  
The Woolworth Building  
233 Broadway, Suite 880  
New York, NewYork 10279  
(212) 233-3600

*Philadelphia Office:*  
Rittenhouse Square  
1845 Walnut Street, Suite 1300  
Philadelphia, Pennsylvania 19103  
(800) 215-1003

April 13, 2022

Via ECF

The Honorable Katharine H. Parker  
United States Magistrate Judge  
United States District Court for the Southern District of New York  
Daniel Patrick Moynihan United States Courthouse  
500 Pearl Street  
New York, NY  10007-1312

    Re:    *Jane Doe 16 v. Columbia Univ.*  
             No. 1:20-cv-01791 (S.D.N.Y.)  
           *Hoechstetter v. Columbia Univ.*  
             No. 1:19-cv-02978 (S.D.N.Y.)

Dear Judge Parker:

    Pursuant to Section 1.c. of Your Honor's Individual Practices in Civil Cases, I write on behalf of plaintiffs in the above-styled action to respectfully request a modest extension of time – to May 6, 2022 – to file amended class action and individual complaints ("amended complaints"). Plaintiffs' request is necessitated by my office's ongoing discussions with the Robbins Geller Rudman & Dowd LLP firm regarding its appearance as putative class counsel in Jane Doe 16, and with several of my clients with respect to serving as putative class representatives.

    In addition, we also respectfully request clarification from the Court regarding the Order requiring the filing of amended complaints in both cases. Specifically, since the proposed dual amendments would involve moving some plaintiffs from one case to the other, a statute-of-limitations issue may arise if an amendment is considered a new filing by those affected plaintiffs.

We believe there are two ways this issue can be resolved, either by: (1) the parties' stipulation or the Court's order that any new plaintiff in the individual or class amended complaint be deemed to have filed her claims as of the date of the initial complaint, or (2) severing these affected plaintiffs' claims from their initial complaint under Fed. R. Civ. P. 21, and consolidating those claims with either the individual or class case under Fed. R. Civ. P. 42. In any event, we believe this issue must be resolved before amended complaints can be filed in either case. We are hoping to meet-and-confer with defendants' counsel regarding option (1) within the next two weeks, and the requested extension of time to file amended complaints will enable us to do so.

Finally, plaintiffs are also concerned that an Amended Verified Complaint, which sets forth similar, if not identical, factual allegations as contained in the questionnaires regarding the plaintiffs, what they experienced, and the impact that those experiences have had on their lives, is only different in the type, but not in the kind, of document that could have an impact on the criminal action. Therefore, an adjournment to May 6, 2022, is respectfully requested.

Counsel representing the corporate defendants have indicated that they take no position on plaintiffs' request for an extension to file amended complaints, but that if the Court is inclined to grant the extension, defendants ask that (a) the extension be limited to seven days; (b) the time to amend be extended on both the removed action and the class action; (c) the time to respond to both complaints be extended to thirty days from the date of the amendment(s); and (d) the time to provide initial disclosures (May 6, 2022) be extended to 21 days from the date of the amendment(s). Counsel representing defendant Robert Hadden have informed us that they take no position regarding our request for a two-week adjournment so long as: (a) extension of time is limited to two weeks; and (b) defendants time to answer is extended proportionally. I have attempted to contact the Assistant U.S. Attorneys who filed an appearance, and am awaiting their response. Plaintiffs have no objection to defense counsels' time being extended.

This request is made more than 48 hours from the date set forth in the prior order. No previous or similar request has been made.

Accordingly, plaintiffs respectfully request the Court enter an Order extending the time for plaintiffs to file their amended complaints to April 29, 2022, and clarify the March 24, 2022 Order in both cases, that any new plaintiff added to an amended complaint, shall be deemed to have filed her claims on the dates of their initial complaints.

Thank you for your consideration.

Very truly yours,

Anthony T. DiPietro

/atd
cc: Counsel of record, *via ECF*