

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

May 5, 2022

**BY ECF**

The Honorable Katharine H. Parker
United States Magistrate Judge
United States District Court
Southern District of New York
United States Courthouse
500 Pearl Street
New York, New York 10007

    Re:    *Hoechstetter et al. v. Columbia University et al.*, 19 Civ. 02978 (ALC) (KHP)
            *Jane Doe 16 et al. v. Columbia University et al.*, 20 Civ. 01791 (ALC) (KHP)

Dear Judge Parker:

      The Government respectfully submits this letter to request that the Court: (1) permit the Government to intervene in the above-referenced matters for the limited purpose of seeking a stay of the actions in light of the criminal trial of Robert Hadden in *United States v. Hadden*, S1 20 Cr. 468 (RMB), which is scheduled to commence in this District on September 12, 2022, before the Honorable Richard M. Berman; and (2) stay all fact discovery (including the provision of confidential questionnaires containing factual material, interrogatories, depositions, and requests to admit), through August 8, 2022, with the exception of document discovery if it proceeds on an attorneys'-eyes-only basis. As discussed in greater detail below, by August 8, 2022, the Government anticipates that it will be in a position to confer with the parties in the above-referenced civil actions and potentially narrow its stay request as to certain civil plaintiffs so that discovery, and the exchange of questionnaires, may proceed as to those plaintiffs. Counsel of record for the plaintiffs and for the Columbia defendants consents to this request. Counsel for Hadden has not yet responded to the Government's attempts to ascertain his position.

      For the reasons that follow, and under the factors set forth in *Doe v. Indyke*, 20 Civ. 484 (JGK) (DF), 2020 WL 5518384, at *3 (S.D.N.Y. Sept. 14, 2020), the Government respectfully submits that a stay of these civil actions will serve the public interest by preserving the integrity of the criminal prosecution against Hadden and by conserving private, public, and judicial resources, and that those interests will outweigh any delay or disruption caused to the resolution of these civil actions.

## BACKGROUND

On September 8, 2020, a federal grand jury in this District returned a sealed indictment (the "Indictment") charging Hadden with six counts of enticement, in violation of 18 U.S.C. §§ 2422 and 2, in connection with Hadden's enticement and inducement of six victims, including one minor victim, to travel interstate to engage in unlawful sexual activity. (*United States v. Hadden*, 20 Cr. 468 (RMB), Dkt. 1). On July 14, 2021, a federal grand jury in this District returned Superseding Indictment S1 20 Cr. 468 (RMB) (the "S1 Indictment"), charging Hadden with the six counts contained in the Indictment and one additional count of enticement of an adult victim, in violation of 18 U.S.C. §§ 2422 and 2. (*Id.*, Dkt. 102). The federal charges contained in the S1 Indictment allege that over the course of nearly 20 years, from approximately 1993 to 2012, Hadden sexually abused dozens of female patients in his capacity as an obstetrician/gynecologist ("OB/GYN"). Trial in the criminal case is scheduled to commence on September 12, 2022. In connection with the criminal trial, the Government presently intends to produce Jencks Act and *Giglio* material to Hadden regarding witnesses who may be called to testify at trial on a rolling basis beginning on August 1, 2022.

In 2019 and 2020, plaintiffs in the above-referenced actions filed civil complaints in this District asserting claims arising from Hadden's sexual abuse of patients as their OB/GYN. The complaints in these civil actions allege that for approximately twenty years, Hadden sexually exploited, abused, and molested certain patients through the use of his position and authority as a gynecologist. (*See, e.g.*, 20 Civ. 01791 (ALC) (KHP), Dkt. 1). As discussed below, the facts underlying the allegations contained in the S1 Indictment overlap with those relevant to the civil actions before the Court.

The Government understands that a number of plaintiffs have submitted confidential questionnaires to the Columbia University defendants during the course of settlement negotiations, and that these questionnaires contain factual material regarding the conduct at issue in the case relating to those plaintiffs. At the Government's request, the Court ordered that the deadline to submit the outstanding questionnaires be adjourned until May 6, 2022 to enable the Government to consider and file this motion. (19 Civ. 02978 (ALC) (KHP), Dkt. 118; 20 Civ. 01791 (ALC) (KHP), Dkt. 64).

## DISCUSSION

This Court has the inherent power to stay civil cases in the interests of justice pending the completion of criminal prosecution. *See Landis v. North Am. Co.*, 299 U.S. 248, 255 (1936); *Kashi v. Gratsos*, 790 F.2d 1050, 1057 (2d Cir. 1986). Courts routinely grant applications to stay civil proceedings in order to protect a pending criminal case. *See, e.g.*, *Indyke*, 2020 WL 5518384, at 3; *Johnson v. New York City Police Dep't*, 01 Civ. 6570 (RCC) (JCF), 2003 WL 21664882, at *2 (S.D.N.Y. July 16, 2003); *Okoli v. Cty. of Nassau*, 15 Civ. 0701 (JS) (SIL), 2015 WL 8207496, at *2-3 (E.D.N.Y. Dec. 7, 2015). Courts generally apply a six-factor test in determining whether to stay a civil action pending the resolution of a related criminal matter, considering: (1) the extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the case, including whether the defendant has been indicted; (3) the private interests of the

plaintiffs in proceeding expeditiously with the civil litigation balanced against the prejudice to the plaintiffs if delayed; (4) the private interests of and burden on the defendants; (5) the interests of the courts; and (6) the public interest. *Indyke*, 2020 WL 5518384, at *3; *see also Maldonado v. City of New York*, No. 17 Civ. 6618 (AJN), 2018 WL 2561026, at *1 (S.D.N.Y. June 4, 2018).

Here, each of the above factors weighs heavily in favor of granting a stay.

As to the first factor, the allegations contained in the pending S1 Indictment undeniably overlap with the issues presented in the civil actions. Indeed, based on a review of the civil complaints, the Government understands that it is likely that should discovery in these civil actions go forward, multiple witnesses or potential witnesses at the criminal trial would be subject to deposition, or that testimonial material from them could be generated by interrogatories or requests to admit.[1] Similarly, the provision of questionnaires would involve the generation of factual statements regarding the conduct at issue in this case—which, to the extent the questionnaires relate to Government trial witnesses, will also be statements regarding the conduct at issue in the criminal prosecution.[2] Accordingly, there is a significant risk that proceeding with discovery or the further exchange of questionnaires in these civil matters would adversely affect the ongoing criminal prosecution of Hadden. Those concerns include, among others: (a) subjecting potential trial witnesses in the criminal matter to depositions by civil litigants in advance of their testimony on similar matters in the criminal trial; (b) subjecting the defendant to a deposition on matters for which he presently stands criminally charged in advance of his criminal trial; and (c) the potential waste of significant judicial, government, and defense resources that would result from having both the civil and criminal proceedings move forward simultaneously given the potential of the resolution of the criminal case to impact any resolution of the civil actions.

The overlap between the civil and criminal cases weighs in favor of granting a stay. "'The strongest case for granting a stay is where a party under criminal indictment is required to defend a civil proceeding involving the *same matter*.'" *Indyke*, 2020 WL 5518384, at *3 (quoting *Volmar Dist., Inc. v. New York Post Co.*, 152 F.R.D. 36, 39 (S.D.N.Y. 1993).

> Denying a stay where there is significant factual overlap between the civil and criminal cases may 'undermine a defendant's Fifth Amendment privilege against self-incrimination . . . expand the

---

[1] Even the exchange of document discovery in these matters could prejudice the criminal action, given that the provision of certain documents to parties who are likely to be Government trial witnesses could affect their recollections of events or give rise to arguments at the criminal trial that their testimony has been affected.

[2] The Government is aware that a number of questionnaires have been exchanged already, and that certain of these may relate to potential Government trial witnesses. However, the Government respectfully submits that the exchange of further questionnaires at this time is likely to have an impact on the criminal case justifying this temporary stay, particularly given that the outstanding questionnaires include those for certain individuals who the Government considers especially likely to be trial witnesses in the criminal case.

>rights of criminal discovery beyond the limits of Rule 16(b) of the Federal Rules of Criminal Procedure, expose the basis of the defense to the prosecution in advance of trial, or otherwise prejudice the case.

*Indyke*, 2020 WL 5518384, at *3 (quoting *Volmar Dist., Inc.*, 152 F.R.D. at 39). In light of the substantial overlap between the criminal case and the civil actions, as outlined above, this factor militates in favor of a stay.

Second, the status of the criminal case also weighs in favor of a stay. "Whether the defendant has been indicted has been described as 'the most important factor' to be considered in the balance of factors." *Maldonado*, 2018 WL 2561026, at *2 (quoting *Karimona Investments, LLC v. Weinreb*, No. 02 Civ. 1792 (WHP) (THK), 2003 WL 941404, at *3 (S.D.N.Y. Mar. 7, 2003); *see also In re Par Pharmaceutical, Inc. Sec. Litig.*, 133 F.R.D. 12, 13-14 (S.D.N.Y. 1990) (noting that "[t]he weight of authority in this Circuit indicates that courts will stay a civil proceeding when the criminal investigation has ripened into an indictment" (collecting cases)). "Should discovery in the civil action proceed, [Hadden] would be forced to decide whether to defend [him]self by making pretrial disclosures and giving deposition testimony (which could be used against [him] in the criminal case) or to invoke [his] Fifth Amendment privilege against self-incrimination (which would protect [him] in the criminal case, but which could well result in an adverse inference being drawn against [him] in the civil case)." *Indyke*, 2020 WL 5518384, at *4. Accordingly, because Hadden has been indicted and his trial date has been set for early September, this factor heavily favors a stay.

As to the third factor, the interests of the plaintiffs, Anthony DiPietro, Esq., counsel for the plaintiffs, has indicated to the Government that the plaintiffs consent to the Government's motion. At minimum, therefore, there can be no argument that there would be prejudice to the plaintiffs by staying this action. Moreover, any delay in regard to moving the matter forward expeditiously is brief in nature, as the trial in the criminal case is set for September 12, 2022.

Fourth, the Government submits that the interests of the defendants also weigh in favor of a stay. In particular, any concern regarding the potential delay of these civil suits is outweighed by the concern that Hadden would seek to assert his Fifth Amendment rights rather than submit to a deposition in the civil actions. *See Indyke*, 2020 WL 5518384, at *4 ("if civil discovery were to proceed, [the defendant] would have to make the difficult decision of whether to assert her Fifth Amendment privilege – a decision that could adversely impact her position in one or the other of the cases she is defending."); *United States v. Saad*, 229 F.R.D. 90, 91 (S.D.N.Y. 2005) (noting that invocations of the Fifth Amendment privilege can disrupt the orderly conduct of a civil case). As noted above, counsel for the Columbia defendants consent to the Government's motion and counsel for Hadden has not responded to the Government's attempts to ascertain his position.

Fifth, the interests of the Court weigh in favor of a stay. Resolution of the criminal process may result in a more efficient resolution of the civil suits. Given the factual overlap between the civil and criminal cases, allowing the criminal matter to be resolved in the first instance may result in a narrowing of the factual and legal issues before this Court. *See Volmar Dist., Inc.*, 152 F.R.D.

at 40.  Accordingly, the interests of judicial economy are better served by the stay the Government seeks.  Moreover, permitting any discovery to proceed in this lawsuit would enable Hadden to seek a preview of trial testimony in the criminal case, and would afford him with a broader array of discovery than he is entitled to in the criminal case, such as witness deposition testimony.  *See Johnson*, 2003 WL 21664882, at *2 ("[T]he civil action, if not stayed, might undermine the criminal defendant's Fifth Amendment privilege against self-incrimination, expand the rights of discovery beyond the limits of the state's criminal procedure law, expose the basis of the defense to the prosecution, or otherwise prejudice the criminal case.").

Sixth, consideration of the interests of third parties, including the public, weighs in favor of granting the stay.  In particular, the Government is not aware of any third parties that would be harmed by a stay, and, to the contrary, the public interest in the enforcement of the criminal law will be served by a stay.  *See generally In re Ivan F. Boesky Sec. Litig.*, 128 F.R.D. 47, 49 (S.D.N.Y. 1989) ("the public interest in the criminal case is entitled to precedence over the civil litigant"); *United States v. Hugo Key & Son, Inc.*, 672 F. Supp. 656, 685 (D.R.I. 1987) ("While a civil litigant with a private dispute has an interest in the prompt disposition of his or her claims, the public has a greater interest in the enforcement of the criminal law.").  Multiple third-party witnesses possess information that is potentially relevant to both these civil lawsuits and the criminal prosecution.  Premature disclosure of the testimony of these witnesses could severely impair the criminal prosecution.  Such witnesses may be forced to testify about any efforts to assist the criminal investigation and prosecution, and may thereby expose facts about the investigation that would otherwise not be disclosed far in advance of a criminal trial and could potentially expose witnesses and/or their families to unwanted contact, publicity, and harassment.

Finally, the Government notes that any stay would be no longer than necessary to accommodate the interests of the criminal process.  While it would not be unreasonable to seek a stay of all discovery through Hadden's criminal trial, at this time, the Government only seeks a stay through August 8, 2022, and of a somewhat more limited category of discovery.  Through August 8, the Government seeks a full stay of all testimonial discovery (*i.e.*, depositions, depositions by written questions, interrogatories, requests to admit, and any other modes of discovery or exchange of information that generate new statements attributed to individuals, such as settlement questionnaires).  As to document discovery (*i.e.*, including Rule 26(a) initial disclosures, responses to requests for production of documents, and any other modes of discovery that only exchange pre-existing documents or generate statements only by non-witness counsel), the Government would not object to document discovery if it were exchanged on an "attorneys'-eyes-only" basis.  That is, if the Court ordered, or the parties agreed, that such discovery could be provided only to the counsel litigating the civil action (and to the Court as necessary) and not to any parties or other counsel, the Government would not seek to stay document discovery on such terms.[3]  By August 1, 2022, in connection with Hadden's September 2022 criminal trial, the Government anticipates that it will have begun its production to Hadden of Jencks Act and *Giglio*

---

[3] The Government has no opinion, of course, as to whether it is preferable for document discovery to proceed on an attorneys'-eyes-only basis or to be stayed, as the Government believes that either option will adequately protect its interests in avoiding prejudice to the criminal trial.

material.[4] Following the Government's August disclosures, the Government intends to seek a further stay through the conclusion of the criminal trial as to at least certain plaintiffs, but plans to confer with the parties in the civil actions and hopes to be in a position to narrow its stay request so that full discovery and the exchange of questionnaires may proceed as to certain plaintiffs (*i.e.*, plaintiffs who are unlikely to testify at the criminal trial of Hadden).[5] The Government hopes and anticipates that its proposal would allow full resumption of discovery and the exchange of questionnaires to proceed for a significant number of the civil plaintiffs as of August 8, 2022.

## CONCLUSION

For the foregoing reasons, the Government respectfully requests that the Court (1) permit the Government to intervene in the above-referenced matters for the limited purpose of seeking a stay of the actions, in light of the criminal trial of Robert Hadden in *United States v. Hadden*, S1 20 Cr. 468 (RMB), which is scheduled to commence in this District on September 12, 2022; and (2) stay all fact discovery through August 8, 2022, with the exception of document discovery if it proceeds on an attorneys'-eyes-only basis.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

By: ___s/_____
Jane Kim
Paul Monteleoni
Lara Pomerantz
Assistant United States Attorneys
Southern District of New York

cc: Counsel of Record (by ECF)

---

[4] The Government notes the possibility that the timing of its production of witness statements may end up deviating from this expectation due to unanticipated contingencies, *see* 18 U.S.C. § 3500(a) (precluding any requirement to disclose witness statements in advance of the witness's testimony). Even if this should occur, however, the Government believes that, as of August 8, 2022, it is nevertheless likely to be in a position to assess whether discovery and the exchange of questionnaires can proceed as to some plaintiffs.

[5] To be clear, it is possible that the Government will ultimately seek to continue the stay in its entirety through the criminal trial, but the Government presently expects that it will be in a position to narrow its stay request.