# Vaslas Lepowsky & Hauss LLP

Attorneys at Law
201 Edward Curry Avenue
Staten Island, New York 10314

| Manhattan Office | Telephone (718) 761-9300 | New Jersey Office |
|---|---|---|
| 40 Broad Street, 7th floor | Facsimile (718) 761-9090 | 10 Auer Court |
| New York, NY 10004 | www.vlhlaw.com | E. Brunswick, NJ 08816 |
| Tel: (212) 374-9555 | | Tel: (732) 613-5083 |

Olena Sharvan
Associate

Admitted in NY
osharvan@vlhlaw.com

May 6, 2022

*Via ECF*
Hon. Magistrate Judge Katherine H. Parker
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

    **Re:**   **Hoechstetter et al. v. Columbia University et al.**
       **Civil No.: 19-cv-02978**
       **Jane Doe #16 et al. v. Columbia University et al.**
       **Civil No.: 20-cv-01791**
       **VLH File No.: 21-18-010-15-E**
       **Response to the U.S. Attorney's Request for a Stay**

Honorable Magistrate Judge Parker:

This office represents Defendant Robert Hadden, M.D. in the above-referenced matter. This letter is submitted in response to the letter-motion filed by the United States Attorney's Office for the Southern District of New York on May 5, 2022 (ECF 129 and ECF 74).

Defendant Hadden objects to the Government's request to intervene and stay fact discovery. The arguments offered by the government are unfair and prejudicial to the interests of Dr. Hadden. As of today, with the exception of the plaintiffs' names, no discovery has been provided in the above actions. Each defendant has a right to participate in their own defense in both the civil and criminal cases, which includes timely access to information and evidence. While we agree that the civil and criminal cases are intertwined, the Government failed to satisfy any of the five remaining factors raised by the Government. It is up to Defendant Hadden to decide what defenses to raise and rights to assert. The plaintiffs initiated their civil actions independent of the criminal case and should not be affected by the outcome of the criminal proceedings. As prosecutors, it is misplaced for the Government to argue that the stay of discovery and limitation of the defendant's access to evidence will benefit the defendants. Lastly, it is a public interest to secure equal access to justice and fairness, neither of which will be affected if discovery in civil cases proceeds as scheduled.

To the extent the Court is inclined to grant the motion, we object to the attorney's-eyes-only limitation as to all documentary discovery, including Rule 26(a) initial disclosures, especially if it extends to

Vaslas Lepowsky Hauss & Danke LLP

Honorable Magistrate Judge Katherine H. Parker
Re:  Hoechstetter, et al. v. Columbia University, et al.
     Jane Doe #16 et al. v. Columbia University et al.
May 6, 2022
Page 2

documents and materials obtained through or based on the documents or information received pursuant to Rule 26(a). Since Dr. Hadden and his counsel do not have excess to the plaintiffs' medical records maintained by the Columbia defendants, we cannot verify whether any of the plaintiffs (with several exceptions) or potential class members were actually seen or treated by Dr. Hadden. We cannot verify the dates of service or nature of the treatment, which are necessary to serve responsive pleadings or a pre-answer motion to dismiss. The above concerns are not addressed or solved by allowing documentary discovery on an "attorneys'- eyes-only" basis. Considering the nature of the allegations, the professional character of services rendered by the defendant and the likelihood that the overwhelming majority of records are handwritten, the attorneys' efforts to review and analyze those records without Dr. Hadden's input would be extremely prejudicial. Dr. Hadden should not be precluded from reviewing these records with counsel in preparation of his own defense.

Imposing the "attorney-eyes-only" limitation on the entire documentary discovery would unjustifiably preclude Defendant Hadden from participation in his defense. It would also deprive him of the effective assistance of counsel. The attorney's role is to assist the party, not to act as a party. Rules of Professional Conduct, Rule 1.2 (a) expressly provides: "…a lawyer shall abide by a client's decisions concerning the objectives of representation and, as required by Rule 1.4, shall consult with the client as to the means by which they are to be pursued." As an agent of the client, the lawyer has a duty of openness and conscientious disclosure. Effective representation would involve defense counsel discussing the facts and strategy with their client. That discussion would be impossible or ineffective if the client could not review and study evidence and other materials obtained during the discovery process.

The arguments offered by the Government do not justify this limitation. The Government expresses concerns about fairness and non-interruption of the criminal proceedings. No argument is offered, however, to justify limiting Defendant Hadden's access to the existing medical records, which are crucial to his defense in the civil actions pending in this Court. Moreover, none of the prospective witnesses or their testimony at the criminal trial will be affected if Defendant Hadden has access to the plaintiffs' medical records since they already exist and do not contain any sworn statements by the plaintiffs. Discovery of the existing documents and materials would prejudice the criminal proceedings by making it available to Defendant Hadden.

It is further submitted that considering the number of plaintiffs and volume of the requested medical records, the delay in production will further delay proceedings in the civil actions, including the service of responsive pleadings and production of initial disclosures.

For the foregoing reasons, Defendant Hadden respectfully objects to the Government's request to intervene and stay all testimonial fact discovery through August 8, 2022, and to limit document discovery to proceed on an attorneys'-eyes-only basis.

Respectfully submitted,

Olena Sharvan