# LONUZZI & WOODLAND, LLP
*ATTORNEYS AT LAW*
60 SACKETT STREET, SUITE 2002
BROOKLYN, NEW YORK 11231
PHONE (718) 935-1010
FAX (718) 935-1935

September 13, 2022

The Honorable Katharine H. Parker
United States Magistrate Judge
United States District Court
Southern District of New York
United States Courthouse
500 Pearl Street
New York, New York 10007

      Re:    Hoechstetter et al. v. Columbia University et al., 19 Civ. 02978 (ALC) (KHP)
              Jane Doe 16 et al. v. Columbia University et al., 20 Civ. 01791 (ALC) (KHP)

Dear Judge Parker:

      As the Court is aware, my firm represents Jane Doe #23.

      I apologize in advance for burdening the court with yet another letter. However, I am compelled to respond to Mr. Fazio's late-day missive of September 12th, which once again intentionally misrepresents the facts and creates numerous misimpressions.

      I find it curious that Mr. Fazio keeps writing uninformed letters to the Court when he and I have had nearly no interactions. Except for one brief introduction to Mr. Fazio on June 15, 2022 in Your Honor's courtroom, I have had no meaningful contact or communications with him regarding this litigation. Nearly all of my interactions with his firm in the context of the state court action were with his supervisor, Jay Rappaport and his colleague, Deidre Tracey. Of more recent vintage, and in the context of my recent involvement in the Federal Court action, my dealings have been with Messrs. Dowden and Goodwin, with whom I have had only pleasant dealings. That said, I am not sure why Mr. Fazio, who has no personal knowledge of any of my dealings and communications with others – none of which he was privy to – insists on writing uninformed letters to the Court, misstating what transpired in an effort to secure a dismissal of the action.

      Mr. Fazio overlooks the fact that my letter of August 30, 2022 (Doc. No. 174 ) provided several explanations for the reasons why my firm did not appear in this action

until recently. In my letter, among other things, I offered the following explanations, which Mr. Fazio ignores:

·My firm substituted as counsel for Jane Doe 23 in the related, pending state court actions but we did not substitute for Mr. DiPietro in either of these Federal Court actions;

·We were not made aware that Jane Doe 23 was a plaintiff in one of the Federal Court actions until earlier this year. We had not yet been involved with any aspect of this case (in either state or Federal court) in April of 2019 when it was removed or in February of 2020 when the motion to remand was denied. When we learned of the Federal action this year and were eventually alerted that Your Honor wanted my firm to make an appearance, we set out to speak to our client to get direction and authorization to do so. Since we were not initially retained to represent Jane Doe 23 in any Federal Court action, and since we never substituted Mr. DiPietro in Federal Court, we needed to get so retained and secure client approval to make such an appearance. We had to locate and contact our client, who resides out of the country and secure her authorization to make the appearance on her behalf. We could not appear for a client who had not yet retained and directed us to so appear.

·No member of my firm was admitted to practice in the Southern District until just last week. Of course, we did not have the ability to make an appearance unless and until the admission issue was resolved . The process was plagued by a few obstacles, one of which was waiting for the Appellate Division to issue a certificate of good standing (which can now only be accomplished online). After that, there were a number of technical hurdles that we had to overcome with the SDNY clerk's office. Once these issues were resolved, and my motion for admission was accepted for filing, we promptly appeared.

·As concerns the August 23rd Court appearance, contrary to what Mr. Fazio offers, we only learned about it days before and were led to believe it was a settlement conference for all claimants other than Jane Doe 23. I even discussed this with Mr. DiPietro. We were under the impression that the Court was first dealing with all of Mr. DiPietro's clients and would then schedule a conference with Jane Doe 23.

·Finally, Mr. Fazio seems to have ignored the fact that I had a significant family health emergency on the morning of August 23rd which was conveyed to Mr. DiPietro, who I believe alerted all counsel and the Court. I have confirmed with Robert Hadden's counsel that Mr. Fazio did indeed mention my emergency to all defense counsel on the morning of August the 23rd. I trust this information was also shared with the Court.

As concerns settlement efforts, I have been in regular contact with Messrs. Dowden and Goodwin over the past months regarding a productive approach to settlement. Mr. Fazio has not been privy to any of the communications I have had with settlement counsel

for the defendants, Messrs. Dowden and Goodwin, dating back well over a year. As Mr. Fazio now concedes, it was only on August 2, 2022 that Mr. Dowden (with whom we have had no issues at all) advised that his client would accept a letter submission spelling out the details of the offenses committed upon Jane Doe 23. Subsequently, we exchanged several emails and had a productive conversation on August 26th, wherein it was agreed that Columbia would request a mediation session with the Court. We agreed that the best path forward would be a mediation session with Your Honor. In fact on August 29th, Mr. Goodwin emailed me a draft letter to the Court, requesting such a mediation session. As I have advised Messrs. Dowden and Goodwin, we are in the process of preparing and submitting a letter to them, providing the information they requested. We are also hopeful that the Court might be willing to schedule a mediation session for Jane Doe # 23.

It would seem that everyone other than Mr. Fazio is focused on trying to reach a resolution of this claim. Mr. Fazio's contentious letters are making that effort very difficult.

I look forward to this morning's appearance. Thank you in advance for the courtesies Your Honor has extended and for the time and consideration we have been given.

Respectfully,

John Lonuzzi

cc: All Counsel